VIPONT MINING CO., a Wyoming Corporation, Appellant (Plaintiff below),

v.

URANIUM RESEARCH AND DEVELOPMENT CO., individually, and as agents for undisclosed principals, and the undisclosed principals of the last-named defendant; Western Uranium Corporation, individually, and as agent for undisclosed principals, and the undisclosed principals of the last-mentioned defendant, Appellees (Defendants below),

The Rim Group, a mining joint venture, and E. S. Norton (Defendants below),

and

J. M. Wade, (Third-Party Defendant below).

No. 3096.

Supreme Court of Wyoming.

Dec. 18, 1962.

G. L. Spence, of Spence, Hill, Oeland & Tschirgi, Riverton, for appellant.

Lathrop, Lathrop & Tilker, Cheyenne, for appellees.

Before PARKER and McINTYRE, JJ., and GUTHRIE, D. J.

Mr. Justice PARKER delivered the opinion of the court.

Vipont Mining Company sued The Rim Group, a mining joint venture, its trustee, E. S. Norton, Uranium Research and Development Company, and Western Uranium

Corporation, alleging the creation of The Rim Group; Vipont's purchase of a member's (Wade's) 40 percent interest in twenty-six of the claims in the belief that Wade had an unrestricted right to sell his interest; The Rim Group's subsequent refusal to recognize Vipont as a bona fide purchaser of Wade's interest; The Rim Group's later receipt of certain moneys by virtue of leases made by it to the other defendants; and its failure and refusal to pay the sums due to Vipont; Vipont's lack of knowledge as to the moneys The Rim Group had received; the danger to the moneys and property should a receiver not be appointed; and Norton's violation of his trust by a refusal to pay to Vipont.

Uranium Research and Development Company and Western Uranium Corporation were mentioned directly only in the fourth claim of the complaint, plaintiff there alleging: it had entered into a lease of its undivided interest in The Rim Group claims to these two defendants, the sole consideration therefor being an agreement to deposit in escrow any amounts of royalties or minimum royalty payments in dispute between Vipont and The Rim Group;[1] a dispute between The Rim Group and Vipont as to the disposition of funds; and the failure and refusal of these defendants to place the money in escrow or comply with the terms of the agreement. As to these defendants, plaintiff asked for cancellation and rescission of the lease, for a judgment in the amount of all sums due plaintiff from defendants, for an accounting, and for an order requiring defendants to reveal its undisclosed principals.

Uranium Research and Development Company and Western Uranium Corporation filed a joint motion for summary judgment, each supporting the motion by an affidavit from an officer, reciting that prior to the date of the suit none of the officers, agents, or employees had knowledge of a dispute between The Rim Group and Vipont concerning royalty payments based on actual production and minimum royalty payments under the lease. Two members of The Rim Group also filed a joint affidavit supporting the motion for summary judgment, reciting that certain moneys had been received and expended and Wade paid by check $1,743.24 on December 12, 1957, and $1,485.71 on February 15, 1958, which checks had been endorsed to Vipont, and that the said amounts were Wade's full distributive share except his portion of the sum paid by lessee in December 1958 in the amount of $410.82, this latter sum being concurrently delivered to the custody of the court. Attached to the motion and affidavits were photostatic copies of the canceled checks to Wade, the joint venture mining agreement, and the instruments mentioned in the mining lease of Vipont on the claims in issue in the suit.

Plaintiff filed no affidavit, the trial court granted the requested summary judgment, and appeal was taken to this court. We have then for determination here the following question, Under the facts appearing in the record, did the district court err in decreeing summary judgment that the plaintiff recover nothing against Uranium Research and Development Company and Western Uranium Corporation?

■ Plaintiff recognizes the importance of the last two sentences of Rule 56(e), Wyoming Rules of Civil Procedure:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

---

1. The complaint in this respect departed from the language of these defendants' letter transmitting the lease, wherein the wording was "to deposit any amounts or portion thereof involved in any dispute * * *."

It urges, however, that these provisions are inapplicable, contending that before plaintiff could be required to respond to affidavits the record on its face must have disclosed movants to be entitled to a judgment as a matter of law and that the court was obligated to consider all matters set forth in the pleadings. No reference is made to any admission by defendants, and it is implied without actual assertion that the complaint contains facts which rebut statements in the defendants' affidavits supporting the motion for summary judgment. Without giving even tacit approval to the validity of such a contention, we may say that we find no such allegations. Nowhere in the complaint is it unequivocally stated that Uranium Research and Development Company and Western Uranium Corporation prior to the filing of suit had any knowledge of amounts of royalties or minimum royalty payments in dispute between Vipont and The Rim Group. We are even doubtful that the complaint showed plaintiff to be entitled to relief against these two defendants had it been challenged under Rule 56(a), Wyoming Rules of Civil Procedure, by a motion for summary judgment without supporting affidavits, or under Rule 12(b) (6), Wyoming Rules of Civil Procedure. Nevertheless, we cannot pass without comment the basis of plaintiff's argument here that a movant's affidavit under Rule 56 is nullified by his opponent's pleadings. 3 Barron and Holtzoff, Federal Practice and Procedure, p. 152 (1958), contains a clear discussion of the matter:

"It is perfectly clear on principle that pleading allegations do not create an issue as against a motion for summary judgment supported with affidavits.
* * *"

Even prior to the existence of the Federal Rules of Civil Procedure, the object of a motion for summary judgment was clearly stated by Judge Cardozo when he said that it is "to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 111, 45 A.L.R. 1041. The basic requirements have not since changed, and this court has considered the meaning of the last two sentences of Rule 56(e) to be self-explanatory and not deserving of comment. Lieuallen v. Northern Utilities Company, Wyo., 368 P.2d 949, 952; Western Standard Uranium Company v. Thurston, Wyo., 355 P.2d 377, 379. If any doubts originally existed, they should have been resolved by the 1955 Report of the Advisory Committee as to proposed amendments to the Rules of Civil Procedure for the United States District Courts which this court impliedly adopted in the promulgation of Rule 56(e):

"The purpose of Rule 56 is to pierce the formal allegations of the pleadings and reach immediately the merits of the controversy. If pleading allegations are sufficient to raise a genuine issue as against uncontradicted evidentiary matter, this remedy then becomes substantially without utility.
* * *" 3A Barron and Holtzoff, Federal Practice and Procedure, p. 568 (1958).

The contentions of the plaintiff are without merit, and the judgment of the trial court must be affirmed.

■ Counsel in this court argues that he offered to file affidavits before the trial court concerning defendants' knowledge of the dispute and advised of the existence of certain instruments establishing such knowledge, requesting leave to file them. The summary judgment, which was approved as to form by plaintiff's attorney, contains no reference to such offers or rejections. It is elementary that a reviewing court will not consider matters which do not appear in the record. Trails Motors, Incorporated, v. First National Bank of Laramie, 76 Wyo. 152, 301 P.2d 775, 779; Casper Lodge No. 22, I. O. O. F. of Casper, Wyoming v. Corbridge, 74 Wyo. 244, 286 P.2d 1047, 1053.

Affirmed.