399 P.2d 1008 (1965)
In the Matter of the ESTATE of Aida Pollard WILSON, also known as Aida P. Wilson, Deceased.
Sarah Katherine CONRAD, nee Hickey, Appellant (Proponent in Case No. 2165 and Contestant in Case No. 2168 below),
v.
D. C. MEYER, Executor of the Estate of Aida Pollard Wilson, deceased, Memorial Hospital of Sheridan County, Wyoming, First National Bank of Sheridan, Wyoming, Marjorie Saxton King, David B. Marshall, Appellees (Contestants in Case no. 2165 and Proponents in Case no. 2168 below), and
Ruth Anne Woolbert et al., Appellees (Contestants in Cases No. 2165 and No. 2168 below).
No. 3239.
Supreme Court of Wyoming.
March 15, 1965.
*1009 Carleton A. Lathrop, of Lathrop, Lathrop & Tilker, Cheyenne, S. Paul Hazen, Tulsa, Okl., Bruce P. Badley, Sheridan, for appellant.
No brief filed for appellees.
Before PARKER, C.J., and HARNSBERGER, GRAY, and McINTYRE, JJ.
Mr. Justice McINTYRE delivered the opinion of the court.
Our original opinion in this case affirmed a summary judgment which denied probate of an instrument offered as a holographic will and allowed the probate of an attested will and codicil. On petition for rehearing the proponent of the holographic will makes argument on six assignments of error.
Assignments numbered 1, 2 and 4 relate to matters fully argued in the original appeal. We consider these matters adequately discussed and disposed of in the original opinion and will not attempt to repeat or enlarge upon what has already been said.
Assignment of error numbered 3 challenges our statement in the original opinion to the effect that we found no dispute of any facts upon which our decision was based, "except as to the matter of undue influence." Petitioner argues that since there was a dispute as to undue influence the entry of summary judgment was not proper.
Considerations of the trial court, on a motion for summary judgment, go beyond the pleadings, and the mere assertion of a claim such as undue influence is not sufficient to prevent entry of summary judgment. We have consistently held that allegations of a complaint are not sufficient to show the existence of a genuine issue of fact, where the alleged basis for relief is challenged by statements of fact in affidavits and other forms of evidence in support of a motion for summary judgment. Lieuallen v. Northern Utilities Company, Wyo., 368 P.2d 949, 951; Hinkle v. Siltamaki, Wyo., 361 P.2d 37, 37-38, 41.
As pointed out in Lieuallen, if allegations of the complaint are controverted by affidavits and other evidence tending to show the allegations are not true, it thereupon becomes incumbent upon plaintiff to set forth "specific facts" in opposition, if plaintiff's contention (or allegations of the complaint) are to remain a genuine issue of fact for trial. Rule 56(e), W.R.C.P.
In the case at bar petitioner continues to insist that attorney William D. Redle had opportunity to influence the testatrix; that testatrix was susceptible to being influenced; and that undue influence could be "inferred" from the provisions of the will itself.
We fail to find anything in the will admitted to probate from which undue influence could be inferred. As we said in In re Draper's Estate, Wyo., 374 P.2d 425, 431-432, it is not sufficient to show that a party benefited by a will had the motive and the opportunity to exert undue influence; but there must be evidence that he did exert it and did so control the actions of the testator that the instrument is not really the will of the testator.
Not only did contestant fail to come forward, in connection with the motion for summary judgment, with affidavits, testimony or other evidence tending to show specific facts relative to actions on the part of Redle which would constitute undue influence  or from which undue influence *1010 could be inferred  but even now there is no suggestion of anything which Redle did toward the testatrix which would constitute evidence that he did in fact exert undue influence upon testatrix.
In assignment of error numbered 5, petitioner complains of a statement in our opinion relative to § 2-88, W.S. 1957. We spoke of the section's application to the probate of a will that is revoked and said, "as was the probate of the holographic will in this instance." Counsel for petitioner suggests that the probate of the holographic will was never "revoked" because it had never been admitted to probate. Instead, probate of the holographic will was "denied." By reason of this, it is argued that all costs should not have been taxed to appellant-Conrad.
We agree that petitioner is correct in saying the holographic will was never admitted to probate and therefore it was not, in a strict sense, revoked. Its probate was instead denied. There is also good reason to say, as petitioner suggests, that §§ 2-83 to 2-88, W.S. 1957, apply to contests "after probate."
However, § 2-88 does provide that fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is affirmed. The will which was actually admitted to probate was the Redle will and codicil. It was contested by appellant, and such will (in probate) was affirmed. Thus, there can be no question about costs being properly assessed, as far as the contest of the admitted will is concerned.
With respect to the denial of probate in connection with the holographic will, we referred to § 2-24, W.S. 1957, in our original opinion. It provides that judgments in probate proceedings, "as well as for costs," may be entered and enforced as in civil actions. This is sufficient authority for the taxing of costs against the proponent of the holographic will, as far as proceedings in connection with that will are concerned.
In our former opinion we stated no prejudicial error had been found in any of appellant's specifications. In her petition for rehearing, petitioner insists we should have ruled on her specification that the trial court erroneously failed to strike the "sham" affidavit filed in probate No. 7035 and failed to award appellant attorney fees and costs as provided by law.
The specification was not explained or argued in appellant's brief or in oral argument, and no authority was cited for it. Even in her brief on petition for rehearing, appellant admits this assignment of error is not of the stature to demand this court's reversal of its former opinion. It is now for the first time indicated by petitioner that the relief sought in connection with this specification is predicated upon Rule 56(g), W.R.C.P.
This rule has application if it appears to the satisfaction of the court that any of the affidavits presented for summary judgment are presented in bad faith or solely for the purpose of delay. Nothing has been shown which would indicate that any of the affidavits in this case were presented in bad faith or solely for the purpose of delay, and we will assume it did not so appear "to the satisfaction" of the trial court.
We need not discuss the specification further.
Rehearing denied.