STURM JEWELRY, INC. et al., Appellants,

v.

FIRST NATIONAL BANK, FRANKLIN, Texas, Appellee.

No. 6079.

Court of Civil Appeals of Texas, Waco.

Jan. 10, 1980.

Jerry L. Schutza, Parks & Moss, Houston, for appellants.

Stephen R. Fontaine, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. First National Bank of Franklin, Texas, Plaintiff-Appellee, filed suit against Sturm Jewelry, Inc., Lescon Constructors, Inc., Medical Arts Plaza, N. W., Inc. and Ojeman Medical Center, Inc., seeking judgment on promissory notes executed separately by each of these corporate defendants and against Lawrence E. Sturm as guarantor of all of the promissory notes in question. The trial court rendered summary judgment in favor of the Bank (1) against each of the corporate Defendants respectively for the principal and interest due on the separate notes and for attorney's fees reasonably incurred respectively in the collection of each note; and (2) against Sturm, as guarantor, for the total principal and interest due on all of the notes ($290,-890.17) and also for the total amount of attorney's fees reasonably incurred in the collection of all notes ($29,089.01). The Appellants have jointly perfected appeal, claiming, among other things, that there was no competent proof offered in support of the motion for summary judgment and therefore material issues of fact precluded summary judgment. We agree with this contention and reverse and remand the case for trial on the merits.

The proof relied on by the Bank in its Motion for Summary Judgment was set forth as follows: "In support of this motion, plaintiff refers the Court to the pleadings, the affidavits of John Hicks and Dona E. Harris, together with the exhibits attached thereto." The "Hicks Affidavit" stated that John C. Hicks was the President of the First National Bank of Franklin, Texas, and that the Bank was the owner and holder of "the promissory note" attached to the affidavit, and that the amount due on "the note" was $290,890.17.

"True copies" of the notes forming the basis of the suit were attached. The "Harris Affidavit" stated that Dona E. Harris was a licensed attorney familiar with the nature of the lawsuit and with the services that had been provided by the Bank's attorney and that the sum of $29,089.01 was the "usual, reasonable, and customary attorney's fee in such matter." Although both "affidavits" stated that the affiants had been "first duly sworn" and although both "affidavits" provided space for the signature of a notary public, neither "affidavit" was signed by a notary or any other person authorized to administer an oath. The instruments were simply not sworn to.

An unsworn statement is not a proper "affidavit" under our law, and cannot be competent summary judgment proof. *Perkins v. Crittenden* (Tex.1970) 462 S.W.2d 565. The Appellee argues that the defect complained of was not brought to the attention of the trial court and was therefore waived, citing Rule 90, Texas Rules of Civil Procedure. It is true that our Supreme Court has held that purely *formal* deficiencies in an affidavit can be waived if not raised in the trial court. *Youngstown Sheet & Tube Co. v. Penn* (Tex.1962) 363 S.W.2d 230. However, the Supreme Court, in *Perkins*, cited supra, carefully distinguished the "purely formal defects" in *Youngstown* from the defect arising from the absence of a jurat, stating: "While the instrument in *Youngstown* was defective in certain respects and was subject to special exception, it was an affidavit and was subject to correction. The instrument relied upon by Rex Crittenden here was not an affidavit at all within the definition of our statute." *Perkins v. Crittenden*, cited supra, at 568. The Court further stated that "the jurat is an integral part of Rule 166–A(e) . . ." at 568. The instrument relied on by the Bank in this case, like the instrument in Perkins, were simply not affidavits and it was erroneous to grant a summary judgment based on such fundamentally defective instruments.

 In a supplemental transcript the Appellee Bank has brought up on appeal sworn copies of the Hicks and Harris Affidavits which copies were supplied by the Appellee to the district court clerk after the appeal of this cause. Appellee argues that these instruments should answer any complaints of the Appellants; however Appellee offers no evidence that these instruments were ever presented to the trial court. In reviewing an appeal from summary judgment, we must only consider the record properly before the trial court as it existed at the time of the hearing. *Richman Trusts v. Kutner,* (Tex.Civ.App.Dallas 1974) 504 S.W.2d 539, NRE; *Dorbandt v. Bailey* (Tex.Civ.App.Tyler 1970) 453 S.W.2d 205, NRE. Thus, this supplemental transcript filed by the Appellee cannot be considered on appeal and cannot cure the error appearing in this record.

Appellee has also filed with this Court a statement of facts including documentary evidence taken in a plea of privilege hearing which preceded the summary judgment hearing in this cause. Appellee argues that the trial court could take judicial notice of the testimony received in the plea of privilege hearing and that this testimony was properly before the trial court as summary judgment proof. We disagree. First of all, the summary judgment rule, Rule 166–A, Texas Rules of Civil Procedure, expressly provides that no oral testimony shall be received at the hearing on a motion for summary judgment. Our Supreme Court, however, has held that a statement of facts and documentary evidence developed in a prior trial can properly be considered by a trial court in hearing a motion for summary judgment. *Austin Building Co. v. National Union Fire Ins. Co.* (Tex. 1968) 432 S.W.2d 697. It is important to note, however, that in the *Austin Building Co.* case, the statement of facts was properly transcribed and certified by the court reporter and that the moving party in that case supported its motion for summary judgment with the statement of facts. Under such circumstances, the Supreme Court held that the statement of facts was properly before the court as a part of the summary judgment proof at the time the summary judgment motion was heard. In the instant case, however, the motion for summary judgment did not incorporate or make reference to the statement of facts in the plea of privilege hearing. The transcribed testimony bears no file mark of the district court and was not brought forward in the transcript of this cause but was rather filed, for the first time, in this Court by special motion of the Appellee. We therefore hold that any testimony received in the plea of privilege hearing could not properly have been received by the trial court as part of the summary judgment proof. *Richman Trusts v. Kutner* (Tex.Civ.App.Dallas 1974) 504 S.W.2d 539, NRE.

Appellee Bank's petition in this case was met by the Appellants' general denial. In the absence of proper summary judgment proof, there remain material issues of fact in this case. While there are other reasons why this summary judgment cannot stand, it would unduly lengthen this opinion to discuss same. For the above-stated reasons, we reverse and remand the cause for trial on the merits.

REVERSED AND REMANDED.