Robert DUDLEY, Appellant
(Third-Party Defendant),

v.

**EAST RIDGE DEVELOPMENT COMPA-
NY, a Utah limited partnership, and
Price Development Company, a Utah
corporation, Appellees (Defendants and
Third-Party Plaintiffs).**

No. 84–89.

Supreme Court of Wyoming.

Jan. 25, 1985.

Les Bowron, Casper, for appellant.

Mark W. Gifford of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellees.

Before THOMAS, C.J., and ROONEY, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

The trial court granted summary judgment in favor of Eastridge Development Company and Price Development Company. Robert Dudley appeals that order and raises the following issues:

1. "Whether the district court erred in not allowing plaintiff's witnesses Pope and Woodworth to testify orally at the summary judgment proceeding.
2. "Whether the district court erred in concluding that there was no genuine issue of material fact."

We will affirm.

The action was initially brought by Lower and Company, Inc., a construction firm, against Lowrey Organ and Piano Center, Inc., Price Development Company, East Ridge Development Company, and others to foreclose Lower and Company's materialmen's liens for work performed on the Lowrey Organ store at the Eastridge Mall in Casper. Appellees Price Development Company and East Ridge Development Company subsequently filed a third-party action against appellant Dudley, manager of Lowrey Organ and Piano Center, Inc., as personal guarantor of the lease between Lowrey Organ and Piano Center, Inc. and appellees. The foreclosure action was settled and the trial court dismissed that portion of the action. Appellees subsequently filed a motion for summary judgment on the third party action against appellant based on his personal guarantee of the obligations of the Lowrey Organ and Piano Center, Inc. The trial court granted summary judgment in favor of the appellees and this appeal ensued.

I

Appellant subpoenaed two witnesses to give oral testimony at the summary judgment hearing. The trial court quashed the subpoenas and did not permit the witnesses to testify.

Rule 56, Wyoming Rules of Civil Procedure, does not expressly permit nor does it prohibit oral testimony at a summary judgment hearing. Rule 43(e), W.R.C.P., generally allows oral testimony at motion hearings.[1]

We have not had occasion to address the question of oral testimony at a summary judgment hearing. Appellant refers us to authority to the effect that allowing oral testimony is a discretionary matter with the court.

"Rule 43(e), which authorizes the use of oral testimony on motions, has been held to be applicable to motions for summary judgment, even though Rule 56 is silent on the point. In spite of its obvious advantages, the court should use oral testimony on a summary judgment motion sparingly and with great care. The purpose of summary judgment—providing a speedy adjudication in cases that present no genuine issue of material fact—would be compromised if the hearing permitted by Rule 43(e) and Rule 56(c) became a preliminary trial. * * *" Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2723, pp. 61–62 (1983).

" * * * Our Rules are patterned after the Federal Rules and federal courts have ruled that oral testimony may be considered upon motions for summary

---

**1.** Rule 43(e), W.R.C.P.:

"Evidence on motions.—When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

judgment." *Daniels v. Paddock*, 145 Mont. 207, 399 P.2d 740, 743 (1965).

In *Summers v. American Reliable Insurance Company*, 85 N.M. 224, 511 P.2d 550, 552 (1973), the Supreme Court of New Mexico addressed the problem of oral testimony at summary judgment hearings:

"The authorities seem to be of two views as to whether oral testimony is proper in summary judgment proceedings. Rule 56 does not, in terms, authorize it, but does not prohibit it. But a pleading seeking summary judgment is, after all, a motion, and Rule 43(e) [citation] permits the court to hear oral testimony at a hearing on a motion. Permitting oral testimony might take the opposing party by surprise. On the other hand, the court would have the benefit of hearing cross examination and observing the witness which has certain advantages over affidavits and depositions. [Citations.] A decision on the propriety of using oral testimony in summary judgment proceedings is unnecessary here, and having confidence in the discretion of our trial courts, we decline to adopt any hard and fast rule. * * *"

In the case before us there is no indication in the record that appellant made an offer of proof at the summary judgment hearing regarding the proposed testimony of the two witnesses. We said in *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452, 460 (1983):

"This court has long followed the rule that the party who seeks to elicit the evidence must make an offer of proof showing what that party expected to prove, failing in which he may not assert the exclusion as error. [Citations.]"

We hold that the trial court did not abuse its discretion in refusing to allow appellant to produce oral testimony at the summary judgment hearing.

## II

In opposition to appellees' motion for a summary judgment, appellant filed an instrument captioned, "Motion in Opposition," to which was attached "Joint Affidavits of Robert O. Dudley and Diane L. Dudley." This attachment appears to be notarized diary entries. This document is a chronology of the contacts between appellant and appellees, and records thoughts, feelings and how affiants viewed the legal implications of what had been said and done. Most of the entries in the diary are irrelevant and hearsay, and very little, if any, would be admissible evidence.

The scope of appellate review of a summary judgment is to examine the judgment " * * * in the same light as the district court, using the same material and information as did the district court. * * *" *Lane Company v. Busch Development, Inc.*, Wyo., 662 P.2d 419, 421 (1983). The moving party has the burden of showing the nonexistence of a genuine issue of material fact. *Miller v. Reiman-Wuerth Company*, Wyo., 598 P.2d 20 (1979). A material fact has been defined as one which, if proved, would have the effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties. *Shrum v. Zeltwanger*, Wyo., 559 P.2d 1384 (1977). We look at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences which may be drawn from the facts. *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980).

Applying those principles to this case, we find the trial court was correct in finding there was no genuine issue of material fact. As stated earlier, the basis of the summary judgment was appellant's personal guarantee of the lease between appellees and Lowrey Organ and Piano Center, Inc. The trial court in its decision letter stated:

" * * * The Court finds that there is no genuine dispute as to any material fact and that the moving parties are entitled to judgment as a matter of law. Third party defendant [appellant] does not question the allegations in the affidavit by the moving parties. However, a defense is made on the ground that a construction allowance was not paid to third party defendant. However, the contract

provides that the payment is not due while the tenant is in default under the lease. From the uncontradicted allegations in the affidavit, the tenant was in default before the allowance was due."

Indeed, the affidavit filed in support of appellees' motion for summary judgment alleged that appellant had breached his personal guarantee of the obligations assumed by Lowrey Organ and Piano Center, Inc., and he was, therefore, liable for the construction costs and other expenses resulting from Lowrey's default of the lease. As the trial court found, these allegations were not denied by appellant in his motion in opposition to summary judgment.

Rule 56(e), W.R.C.P., governing affidavits and other testimony in support or opposition to summary judgments states:

"(e) *Form of affidavits; further testimony; defense required.*—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

Appellant stresses that the trial court ruled without the benefit of the testimony of two people who were subpoenaed but not deposed. However, as we noted earlier, there was no offer of proof as to what the two witnesses would have testified to. It was not until after the trial court granted the summary judgment that counsel for appellant filed a motion for rehearing and reconsideration, and attached thereto an affidavit stating what the two witnesses' testimony would be. However, the trial court did not have this information when the summary judgment was granted. Since we look at the evidence in the same light as the district court, we must also find there is no genuine issue of any material fact.

Rule 56(f), W.R.C.P., states:

"(f) *When affidavits are unavailable.* —Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Therefore, appellant could have presented reasons to the court below why such testimony could not be presented, but this was not done until after the trial court ruled on the motion for summary judgment. Appellant could also have filed a motion under Rule 6(b), W.R.C.P., requesting more time in which to file his affidavits. This also was not done. We addressed this issue in *Harris v. Grizzle*, Wyo., 625 P.2d 747, 750 (1981):

"If opposing affidavits cannot be filed, the party opposing the motion for a summary judgment may file an affidavit pursuant to Rule 56(f), W.R.C.P., setting forth the reasons why he cannot file an opposing affidavit. The party opposing a motion for a summary judgment may also or in the alternative file a motion pursuant to Rule 6(b), W.R.C.P., requesting enlargement of the time in which to file the affidavits. A motion requesting enlargement provided for in Rule 6(b) must be filed before the expiration of the time originally prescribed (or extended by previous order). Appellant did not

avail himself of the relief provided for in Rule 56(f) nor in Rule 6(b), W.R.C.P."

When a party moving for summary judgment supports such motion with affidavits pursuant to Rule 56(e), W.R.C.P., and supplements the affidavits as provided in that rule, it is clear the other party may not rest upon mere allegations or denials in his pleadings to show the existence of a genuine issue of material fact. He must come forward with affidavits or other proof to create a genuine issue for the court. *Schepps v. Howe,* Wyo., 665 P.2d 504 (1983); and *Hyatt v. Big Horn School District No. 4,* Wyo., 636 P.2d 525 (1981). We hold that appellant did not come forth with affidavits or other proofs to adequately prove the existence of a genuine issue of material fact. No ambiguity was found in appellant's personal guarantee of the lease and we have held summary judgment may be appropriate in cases where a contract is involved if the language of the contract is plain and unequivocal. *Kuehne v. Samedan Oil Corporation,* Wyo., 626 P.2d 1035 (1981); and *Wyoming Machinery Company v. United States Fidelity and Guaranty Company,* Wyo., 614 P.2d 716 (1980). Appellant raised the defense that the construction allowance promised by appellees was never paid, but the clear language of the lease provided that such allowance need only be paid if Lowrey as tenant was not in default of the lease and if no mechanics' or materialmen's liens were filed. The construction allowance was to be paid after construction was completed. However, the trial court found that appellant had personally guaranteed the lease and obligations of Lowrey Organ and Piano Center, Inc., and that appellant's defense of appellees' refusal to pay the construction allowance must fail since the allowance did not have to be paid if Lowrey was in default of the lease, which it was.

We find no error in the decision of the trial court to grant summary judgment in favor of the appellees. The decision of the district court is affirmed.