**James MATTHEWS, doing business as Upton Processing, and James Matthews, doing business as Newcastle Pack, Appellant (Plaintiff),**

**v.**

**Robert E. FETZNER, individually, and Douglas Krogman, individually, Appellees (Defendants),**

**Wyoming Department of Agriculture, John Orton, as Commissioner, Robert E. Fetzner, as Director, and Douglas Krogman, as Inspector (Defendants).**

No. 88–29.

Supreme Court of Wyoming.

Feb. 13, 1989.

Gordon W. Schukei, Cheyenne, for appellant.

Steven R. Czoschke of Sheehan, Stevens, Edwards and Czoschke, Gillette, for appellees.

Before CARDINE, C.J., THOMAS, URBIGKIT and GOLDEN, JJ., and ROONEY, J., Retired.

CARDINE, Chief Justice.

The district court granted summary judgment holding appellees Dr. Robert Fetzner and Douglas Krogman immune from suit under the Wyoming Governmental Claims Act. Appellant James Matthews appeals claiming that the summary judgment was improperly granted because the controlling factual issue had been previously decided in his favor, was therefore res judicata, and precluded immunity for appellees.

We affirm.

## FACTS

This case is before us a second time on appeal. *Matthews v. Wyoming Dept. of Agriculture*, 719 P.2d 216 (Wyo.1986). A brief factual review is necessary to clarify the posture of this appeal. Matthews operates a meat processing plant in Upton, Wyoming which is subject to regulation by the Wyoming Department of Agriculture. In July of 1984, he filed suit against the department; its Commissioner, John Orton; and employees Fetzner and Krogman. Orton was sued in his official capacity while Fetzner and Krogman were sued in both their official and individual capacities. Matthews sought injunctive relief and damages. In December 1984, the trial court granted summary judgment in favor of all defendants holding that the Wyoming Governmental Claims Act (Claims Act), W.S. 1–39–101 through 119, barred all of Matthews' claims for damages. On appeal, we affirmed in part holding that the record established immunity and supported summary judgment for all defendants acting in their official capacities. We reversed the summary judgment granted Fetzner and Krogman in their individual capacities on the grounds that the decision was not supported by the record properly before the district court. We remanded for a determination of that issue. *Matthews*, 719 P.2d at 222.

While the first appeal was pending, there was a hearing on Matthews' request for a permanent injunction. As a result, defendants were enjoined from certain acts dealing with inspection of Matthews' meat processing facilities.

After remand by this court, appellant Matthews and appellees Fetzner and Krog-

man filed motions for summary judgment on the question of defendants' liability in their individual capacities. The issue presented was whether appellees were acting within the scope of their duties as employees of the Department of Agriculture and were therefore immune under the Claims Act at the times they inspected Matthews' facilities. Appellees filed affidavits in support of their motion for summary judgment. Matthews relied primarily on a transcript of statements made by the court during the injunction hearing. The district court entered summary judgment for appellees, and this second appeal followed.

## DISCUSSION

Matthews argues that the question of whether appellees were acting within the scope of their duties had previously been decided during the injunction hearing, and therefore the district court was precluded from deciding against him because the issue was res judicata. Initially, we note that the doctrine that appellant is seeking to invoke is more properly termed collateral estoppel rather than res judicata. We said in *Delgue v. Curutchet*, 677 P.2d 208, 214 (Wyo.1984):

"The interest served by both doctrines is essentially the same, but courts, including this court, have been careful to distinguish between the two. Res judicata can be described generally as that rule which precludes the presentation by parties or those in privity with them of the same claim that was resolved by an earlier judgment. The effect of collateral estoppel is that of preventing relitigation of issues which were involved actually and necessarily in the prior action between the same parties." (citations omitted)

Here, the injunction hearing and the summary judgment proceedings are part of the same action between the same parties. Matthews' position is that a factual issue had been determined prior to the second summary judgment hearing and that he should therefore have been granted summary judgment as a matter of law. This is an application of the doctrine of collateral estoppel.

■ For collateral estoppel to apply, the identical issue must have been actually and necessarily determined by the court. *Delgue v. Curutchet*, 677 P.2d at 214; *Roush v. Roush*, 589 P.2d 841 (Wyo.1979). Further, collateral estoppel applies only when the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Ten Mile Industrial Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1523 (10th Cir.1987).

On review of a summary judgment, we examine all of the information and material presented to the district court. *Baldwin v. Dube*, 751 P.2d 388 (Wyo.1988). Careful examination of the transcript from the injunction hearing does not disclose that the scope of defendants' duties was either litigated or actually decided. In appellant's brief, he refers us to a portion of the transcript from the hearing on his request for a permanent injunction:

"[By the court] The court feels and finds that the application of these limitations and these policies are arbitrary, that they should be by written rule or regulation adopted after a hearing and following the requirements of the Administrative Procedure Act and on file with the Secretary of State.

\* \* \* \* \* \*

"I think what has been done here amounts to harassment. The court so finds."

■ We are unable to discern in these statements a decision by the district court that Fetzner and Krogman were acting outside the scope of their duties such that they would be liable for damages in their individual capacities. That rules and regulations were not in place may be a fact to be considered but does not rise to a finding that appellees were acting in their individual capacities. In truth, the court had reached an opposite conclusion in initially granting summary judgment to appellees. The transcript clearly shows that the dis-

trict court considered the issue controlled by its decision in its original summary judgment.

"[By the court] Now, counsel has stated that an injunction should be cautiously granted and implied that perhaps plaintiff here would not be permanently damaged or perhaps might have some other relief, but *by summary judgment we've held that he doesn't have any right to suit for damage.* About all he's got left is [sic] to protect himself from this harassment is to have the Department of Agriculture enjoined." (emphasis added)

The record does not support appellant's contention that the question of the scope of appellees' duties was actually and necessarily decided in his favor prior to the second summary judgment. Collateral estoppel did not preclude determination of the issue. Defendants produced affidavits in support of their summary judgment motion. Matthews produced nothing to controvert the prima facie facts in those affidavits other than his collateral estoppel claim.

The summary judgment is affirmed.

ROONEY, J., Ret., filed a concurring opinion.

ROONEY, Retired Justice, concurring.

I concur, and, as reasons for concurrence, I add that said by Justice Thomas and me in our opinions concurring in part and dissenting in part on the first appeal of this matter, i.e., *Matthews v. Wyoming Department of Agriculture,* 719 P.2d 216 (Wyo.1986).