**GULF OIL CORPORATION, a corporation, and Winiford E. Henderson, Plaintiffs in Error,**

v.

**Donna DANIELS, Defendant in Error.**

**No. 41989.**

Supreme Court of Oklahoma.

Jan. 14, 1969.

Hudson, Wheaton & Brett, Tulsa, for plaintiffs in error.

David Young, Glenn A. Young, John W. Young, Sapulpa, for defendant in error.

BERRY, Vice Chief Justice.

This is an appeal from a judgment entered upon a jury verdict in plaintiff's favor in an action for damages for personal injuries. The arguments advanced by plaintiffs in error, hereafter the defendants, are better understood by elaboration concerning physical surroundings at the accident scene.

The north-south highway between Sapulpa and Tulsa, Oklahoma, generally is designated Federal Highway 66, but also serves as another Federal and State Highway. This road is a 24 foot strip of concrete, joined on each side by a contiguous

asphalt strip 10 feet wide, the paved highway being adjoined by dirt and grass along the right of way. Total width of the paved highway is 44 feet. Just north of Sapulpa Highway 66 is intersected by Hilton Road, an unpaved, county road running northeast to southwest, the intersection being at less than a 45 degree angle at the crest of a small hill. Entrance onto the highway from this road is guarded by a stop sign set approximately 12 feet from east edge of the asphalt pavement. Highway 66 is divided by a center strip, and south of the intersection has yellow "no passing" zone lines by reason of lack of visibility of southbound traffic north of the intersection. There are signs prohibiting passing on the right, but no prohibition against driving upon the asphalt portion of the roadway, both lanes being utilized for travel.

On November 27, 1964, plaintiff, accompanied by two adult passengers riding in the front seat, was proceeding north on the highway within the legal speed limit. When plaintiff was approximately 150–200 feet south of the intersection defendant Henderson, in the course of the corporate defendant's business, approached the intersection in a company pickup truck equipped with a heavy, projecting bumper. After stopping in compliance with the sign the pickup was driven onto the asphalt portion of the highway intersection. Defendant testified traffic was "awfully heavy" and when the lane cleared for northbound traffic he rolled almost to the asphalt and stopped waiting when he could see traffic from the north, because when stopped at the sign the cab blocked off part of the view. Defendant pulled up "into the blacktop" before he could see both ways. The northbound lane cleared and defendant observed heavy traffic coming south. Upon looking south again defendant observed plaintiff's car "coming right at me", and fell over into the seat before the collision. There was other evidence that vision to north or south was not improved by driving onto the asphalt when coming into this intersection.

Plaintiff's evidence showed when approximately 150–200 feet south of the intersection defendant was observed to stop and then pull gradually onto the highway. Upon one of the passengers calling out a warning plaintiff applied her brakes, it being impossible to veer left because of oncoming, southbound traffic. Plaintiff's car laid down 67 feet of skid marks along the highway before striking the truck just rear of the left front wheel. The investigating officer determined, from debris and physical surroundings, the point of impact was upon the asphalt 6 feet 5 inches east of the concrete portion of the highway, although there was testimony concerning presence of debris on the concrete. And, there was testimony the truck was moving forward with the front bumper extending to the concrete when the collision occurred. Following the accident the truck was positioned back of the intersection. Defendant testified the truck was stopped and in neutral when the collision occurred. The patrolman testified as to presence of wheel marks north and east of the impact point, resulting from the truck being driven backward approximately. 24 feet in that direction.

Plaintiff charged defendants with negligence in failing to stop and yield, in negligently entering onto the highway in violation of 47 O.S.1961, §§ 11–403(b) and 11–703(d); failure to yield right of way to vehicles traveling the Federal Highway in violation of 47 O.S.1961, § 11–401(a); driving past the stop sign onto the highway and into plaintiff's line of travel; failure to yield right of way and driving onto the highway in violation of 47 O.S.1961, § 11–901(a); failure to keep the vehicle under control and to keep a proper lookout for approaching traffic. Plaintiff further plead sudden emergency in being forced to exercise effort to avoid collision by sudden application of her brakes. The petition plead various resulting injuries and asked $189,000.00 damages from such injuries.

Defendants answered separately, each asserting plaintiff's primary negligence in failure to keep proper lookout, positive negligence in driving her vehicle onto the east side of the highway and into defendant's truck, and contributory negligence on plaintiff's part. The corporate defendant alleged plaintiff's failure to keep her vehicle under control in order to stop within assured clear distance ahead, while its employee was free of any negligence. By cross-petition defendant sought damages ($519.00) resulting from the accident.

The matters urged for reversal, although argued as questions of law, arise from defendants' interpretation as to the construction which should be placed upon the evidence, particularly in view of 47 O.S.1961, §§ 1–158, 1–158(a) (b), 11–703(d). In this connection defendants' two opening propositions advance what is both a new as well as novel contention. This is the type appeal which neither requires nor justifies lengthy recitation of the evidence, other than recitation detailing the physical surroundings.

■ Defendants first contend the undisputed physical facts, shown by photographs introduced in evidence, establish the point of impact was east of the "roadway" of Highway 66. Thus defendants conclude the trial court erred in overruling motion for directed verdict since there was failure to prove defendant Henderson guilty of any negligence. From this premise defendants next urge there was no cross walk or stop sign as mentioned in § 11–703(d), supra, hence defendant violated no duty by failure to stop before reaching the asphalt "shoulder", because only required to stop at the point nearest the intersecting "roadway." Defendants conclude the court erred in admitting evidence tending to show this a four lane highway, which misled the jury into the belief the asphalt shoulder was part of the highway. And, it was further error to refuse their requested instruction to the effect defendant owed no duty to stop at the stop sign, or at any point before reaching the intersecting roadway.

Even recognition of the novelty of this argument does not merit extended discussion, other than noting that categorization of the asphalt portion of the traveled highway as "shoulder" rather than part of the roadway only can be treated as an exercise in semantics. The photographic evidence defendants assert to disclose "undisputed physical facts" likewise depicts the highway where the accident occurred as providing four lanes for automobile travel. We are in accord with plaintiff's position, which relies upon what we consider controlling sections of our statutes.

The undisputed testimony showed the collision occurred within the intersection of Highway 66 and Hilton Road. 47 O.S. 1961, § 1–122, defines a highway as being the entire width between boundary lines of any road publicly maintained when any part thereof is open to public use for vehicular traffic. Thereafter § 1–126 defines intersection:

" * * * (a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

Under § 11–401(a) vehicles upon a county road approaching intersection with a state or Federal Highway must stop and yield right of way to any vehicle which has entered the intersection, or is so close thereto as to constitute an immediate hazard. Section 11–403(b), with exceptions not pertinent here, requires any driver approaching an intersection indicated by a stop sign to stop as required by § 11–703(d), *and after having stopped,* to yield right of way to any vehicle which has entered the intersection from another highway, or which is approaching so closely as to constitute immediate hazard. Section 11–703(d) provides:

"(d) Except when directed to proceed by a police officer or traffic-control

signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side of the intersection or, in the event there is no cross walk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection."

The evidence presented questions of fact governing defendants' duties and conduct under the circumstances and in view of the statutes. The trial court's instructions properly and adequately defined the statutory law applicable to consideration of the issues raised. Extended argument as to failure to prove primary negligence, in view of undisputed physical facts, which now requires reversal for failure to sustain defendants' motion for directed verdict is without substantial merit.

Other argument is made relative to physical facts showing defendant had not reached a place where there was any statutory obligation to stop his vehicle. This argument, and the error asserted for refusal to give defendants' requested instruction No. 1, do not require further discussion. Both are predicated upon the invalid assumption the asphalt lane of Highway 66 must be considered as the shoulder of that road. However, we consider the controlling principles are found within the statutes, supra, which define the duties and fix responsibilities of vehicle operators at traffic intersections.

Defendants also contend the instruction given relative to sudden emergency was erroneous because of lack of evidence to show any emergency existed. The plaintiff presented this issue by pleadings, and introduced evidence to establish that upon observing defendants' vehicle it was necessary for plaintiff to apply her brakes suddenly since any attempt to swerve left to avoid the impending collision would have resulted in collision with southbound traffic. Defendants' evidence was that no collision would have occurred had plaintiff

continued along the concrete portion of the highway. We have considered the question and defined sudden emergency numerous times. The rule consistently applied is that the driver of a vehicle is not bound to anticipate negligence of another driver. Griffeth v. Pound, Okl., 357 P.2d 965. Also see 7 Am.Jur.2d, Autos & Highway Traffic § 359.

 Further error is urged because of reference in the instruction given concerning plaintiff's damages to plaintiff's loss of memory. It is argued there was an absence of evidence as to any loss of memory, thus an instruction covering an issue raised by the pleadings and not supported by evidence is improper. We are of the opinion the controlling rules are stated in Hasty Messenger Service, etc. v. Simpson, Okl., 363 P.2d 370. Defendants did not request a proper instruction as to measure of damages. Additionally, the amount ($15,000.00) of the jury's verdict negates any claim of prejudice to defendants resulting from such instruction.

Judgment affirmed.

All Justices concur.