Patti BROCKETT, Appellant (Plaintiff),

v.

Rita L. PRATER and Michael J. Powell,
Appellees (Defendants).

No. 83–96.

Supreme Court of Wyoming.

Jan. 27, 1984.

E. James Burke of Hanes, Gage & Burke, P.C., Cheyenne, for appellant.

David D. Uchner and William M. McKellar of Lathrop & Uchner, P.C., Cheyenne for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This was an action to recover damages for personal injuries resulting from a collision of two automobiles at a Cheyenne intersection. Appellant sued Michael Powell, the driver of the car in which she was a passenger, and appellee, driver of the second car. Michael Powell's negligence was found to be 100 percent and appellant and appellee were found 0 percent negligent. This appeal is from the judgment in favor of appellee.

We will affirm.

FACTS

The car driven by Michael Powell was traveling east on Pershing Boulevard and attempting to turn in a southerly direction into Cole Shopping Center. Appellee was proceeding east on 19th Street. As the Powell automobile turned south and crossed 19th Street, it was hit broadside by appellee's vehicle. The weather conditions were clear, the roads were blacktop, dry, and although it was dark, there was enough light in the vicinity for the vehicles to see each other. There were no visible skid marks and no evidence of braking before the accident. This was an atypical intersection; both 19th Street and Pershing Boulevard lie in an east and west direction. They merge at a slight angle with 19th Street being the dominant street. There is a stop sign for cars traveling on Pershing at its intersection with 19th Street. A car traveling east on Pershing Boulevard can merge with 19th Street or can turn directly across the street into a shopping center parking lot. The Powell car was attempting to enter the shopping area at the time of the accident.

There was evidence that Mr. Powell had run the stop sign on Pershing Boulevard before attempting to cross 19th Street. Michael Powell's speed was approximately ten to fifteen miles per hour; appellee's speed was between thirty and thirty-five miles per hour. An eyewitness to the accident testified that Michael Powell had been drinking and was permitted also to testify that, in his opinion, there was "no way" that appellee could have avoided the accident. A reconstruction expert for appellant testified that, in his opinion, appellee could have avoided the accident, and that she had an opportunity to see the Powell vehicle and to recognize the danger. Appellee testified that she saw the Powell vehicle run the stop sign at Pershing and 19th, that she recognized it as a danger at the curb line, but that she could not avoid the accident.

QUESTIONS PRESENTED

"I. Whether The Appellee, Rita Prater, Was Negligent As A Matter Of Law.
"II. Whether The Trial Court Erred In Admitting The Lay Opinion Testimony Of Dennis Rowland Over Objection By The Appellant."

I

*Whether the appellee was negligent as a matter of law.*

Appellant contends that the jury verdict was not supported by the evidence; that appellee was negligent as a matter of law because she either (a) saw the Powell vehi-

cle in time to apply her brakes and avoid the collision, but failed to do so, or (b) if she did not see the Powell vehicle, she failed to maintain a proper lookout.

■ Courts will not decide negligence as a matter of law except under the clearest circumstances since negligence generally depends upon the circumstances of each factual situation. Blashfield, Automobile Law and Practice § 101.15 (1979). We have stated that:

> " * * * [O]nly under unusual and exceptional circumstances indicating clear fault and liability should the court hold a party negligent as a matter of law. * * " *Timmons v. Reed*, Wyo., 569 P.2d 112, 122 (1977).

Only in the clearest and most exceptional cases will the question of negligence be taken from the jury. 65A C.J.S. Negligence § 252. In *Timmons v. Reed*, supra at 120, we stated that:

> " ' * * * [I]f different minds may fairly arrive at different conclusions, and where the inferences from the facts are not so certain that all reasonable men, in the exercise of fair and impartial judgment, must agree upon them [the issue of negligence or contributory negligence is one to be determined by the jury]. * * * , "

We also said in *Timmons*, citing from another case, that:

> " ' * * * [A]s to the determination of negligence * * *: "It is only in the clearest of cases, when the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one of law for the court." ' * * * " Id. at 120.

See also *Ries v. Cheyenne Cab & Transfer Co.*, 53 Wyo. 104, 79 P.2d 468 (1938); *Templar v. Tongate*, 71 Wyo. 148, 255 P.2d 223 (1953).

■ Our review of the evidence is governed by the standard that we accept as true the evidence of the successful party, leaving out of consideration entirely the evidence of the unsuccessful party in conflict therewith and give the evidence of the successful party every favorable inference which may fairly and reasonably be drawn therefrom. *Farella v. Rumney*, Wyo., 649 P.2d 185 (1982); *Richardson v. Green*, Wyo., 644 P.2d 778 (1982).

Appellant would have us overturn the jury's verdict and find that appellee was guilty of some percent of negligence, no matter how small, that was a cause of this accident. The evidence was conflicting.

Appellee testified that she perceived the Powell car to be a danger as it approached the curb line. She testified that she did not have time to stop. This testimony was corroborated by the driver of a vehicle following appellee's car. He was an important eyewitness with no interest in the outcome of the case. He testified, in his opinion, appellee could not have avoided the accident.

■ Appellee's failure to stop after she saw the car run the stop sign was not negligence as a matter of law. In this case reasonable minds could differ as to who was negligent, the extent of that negligence, and whether it was a proximate cause of the accident. The jury, as fact finder, could properly choose to believe the testimony of appellee and that of the corroborating eyewitness and reject the opinion of appellant's expert. Upon the disputed facts and evidence, they could find that appellee was not guilty of negligence that proximately caused the accident.

■ Appellant's second contention is that appellee failed to keep a proper lookout. There was testimony in appellee's deposition that she did not see the Powell vehicle until it was directly in front of her. The proper lookout rule requires that a driver of a motor vehicle be on the lookout for conditions or vehicles which create a risk of collision. 2 Blashfield, supra, § 104.1. However, a driver of a vehicle is not bound to anticipate the negligence of another driver. *Gulf Oil Corp. v. Daniels*, Okl., 449 P.2d 884 (1969).

■ A driver is entitled to assume

" * * * *even to the last moment,* that a driver on a servient highway will comply with the law and stop before entering the dominant highway.  * * * " (Emphasis in original.) *Snider v. Dickens,* 293 N.C. 356, 237 S.E.2d 832, 834 (1977).

■ Whether, under the circumstances of this case, appellee was negligent in failing to keep a proper lookout was a question to be resolved by the jury. Failure to keep a proper lookout, excessive speed, reliance on stop signs, or other situations of observation are jury questions. See *Welch v. Young,* 225 Kan. 189, 589 P.2d 567 (1979); *Batt v. City of Tulsa,* Okl., 470 P.2d 337 (1970). There was conflicting evidence as to when appellee first noticed the Powell vehicle. There was conflicting testimony as to whether she had time to avoid the accident, whether she could have applied her brakes earlier, whether she maintained a proper lookout. The situation involves jury questions to be resolved on the facts and the circumstances disclosed at trial.

■ Questions of fact should be submitted to the jury unless "reasonable men can draw but one inference which points unerringly to such negligence." *Timmons v. Reed,* supra, at 115. We cannot say in this situation that appellee was negligent as a matter of law; the question was properly submitted to the jury. This was a close case; the jury could have believed either side. However, they chose to find appellee's evidence more convincing. We cannot, as a matter of law, find that they were wrong.

## II

*The trial court erred in allowing the lay opinion testimony of the eyewitness.*

Mr. Rowland, an eyewitness to the collision (not an expert), was allowed to testify whether, in his opinion, appellee could have avoided the accident. Rule 701, W.R.E., provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Appellant argues that Mr. Rowland's testimony should have been excluded under subpart (b) in that it was not helpful to a clear understanding of his testimony or the determination of a fact in issue.  In *McCabe v. R.A. Manning Const. Co., Inc.,* Wyo., 674 P.2d 699 (1983), we delineated the history of the exclusionary rule and stated that:

"It was the intent of the framers of the Rules of Evidence to considerably relax the prohibition against receipt of opinion testimony both by expert and lay witnesses.  Generally, the rules should be liberally construed to allow the admission of such evidence.  * * * " P. 705.

■ The question of allowing or excluding evidence is essentially a question for the trial court to decide.  The exclusion or admission of the testimony is generally within the province of the trial court and the court's ruling will not be overturned absent a clear showing of an abuse of discretion. *Kielsmier v. Foster,* Colo.App., 669 P.2d 630 (1983); *Krueger v. State Farm Mutual Automobile Ins. Co.,* 707 F.2d 312 (8th Cir.1983).

Appellant contends that Mr. Rowland's opinion was not rationally based on his perception because he could not know and did not know when the appellee first saw or perceived the Powell vehicle as a danger.  In considering this allegation, we must first determine whether the foundation was sufficient to find that Mr. Rowland's perceptions were adequately based on facts from which he could give an opinion.

Mr. Rowland testified that he was stopped at a red light at Converse and 19th Street, getting ready to turn right toward the direction where the accident occurred. He observed the vehicle driven by appellee Prater; he noticed the speed at which she was traveling through the intersection.  He stated that there were no cars between his

car and appellee's car, that he had a clear view of the rear end of her vehicle. He testified that he noticed Michael Powell's vehicle but did not notice whether or not he ran the stop sign. He testified to the speed of Mr. Powell's vehicle and that he could tell when the Powell vehicle went through the intersection that there was going to be an accident. He based this observation on the fact that when he saw the Powell vehicle, the car was already past the point of no return.

He testified:

"* * * I realized there was going to be an accident when I first saw the Powell vehicle.

"Q. Now, why do you say that?

"A. Because when I saw the vehicle, the Camaro was about right here (indicating), and this car had already—you see, he couldn't have been—he was already past the point, in my opinion, past the point of no return because he couldn't have made a U-turn off of 19th onto—or off of Pershing onto 19th, and the only alternative he had was to go straight in front of the Camaro."

He then stated that in his opinion appellee could not have avoided the collision.

"Q. (By Mr. McKellar) Now, Mr. Rowland, as I was saying, based on your eyewitness observations and your seeing Mr. Powell pull out in the way he did and seeing the Prater vehicle travel, is there any—have you formed an opinion as to whether she could have done anything to avoid this accident?

"A. Yes, sir.

"Q. And what is your opinion in that regard?

"A. I do not feel she could have done anything to avoid it.

"Q. Why is that?

"A. Because from the time that the Powell vehicle was a threat in that lane to the time they hit was very small."

Appellant's expert witness was allowed to give his opinion as to whether or not the accident could have been avoided. He reconstructed the accident for the jury in terms of speed, point of collision, and distances. We do not find that the trial court abused its discretion in allowing the eyewitness to also give his opinion. Whether to admit or exclude evidence is basically a question for the trial court. Under these circumstances, the court could find the foundation sufficient, and it was reasonable to conclude that the testimony would have been helpful to the jury.

Appellant complained that the eyewitness could not know when appellee perceived the danger, whether she maintained a proper lookout, and, therefore, whether she could have avoided the accident. These are matters which the appellant could have developed on cross-examination. They go to the weight to be accorded the testimony.

Upon the facts of this case, there was no abuse of discretion in allowing this witness to testify and state his opinion. Appellee was not negligent as a matter of law. The judgment, therefore, is affirmed.