Carl LITZENBERGER,
Appellant (Plaintiff),

v.

Kathryn L. MERGE, John Scott Litzenberger and William K. Litzenberger, sole legatees, devisees and heirs at law of Alvene Litzenberger, Deceased, Appellees (Defendants).

No. 84–196.

Supreme Court of Wyoming.

April 29, 1985.

Stephen H. Kline of Kline & Buck, Cheyenne, for appellant.

Wade E. Waldrip of Williams, Kelly & Waldrip, Rawlins, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This appeal is from an order dismissing appellant's complaint with prejudice. The complaint requested judgment against appellees, as the three remaining heirs of Alvene Litzenberger, deceased, in the amount of $24,223.41, the amount of an alleged debt incurred by Alvene Litzenberger. The probate of the estate of Alvene Litzenberger has been closed and the complaint was founded (in appellant's words) "presumably under an unjust enrichment theory or other similar equitable theory."

We affirm.

Alvene Litzenberger died February 5, 1973. His Last Will and Testament was filed on May 8, 1973. His wife and three children were beneficiaries under the will. His wife is deceased, and the three children are appellees in this matter. A Notice to Creditors was duly published requiring claims to be filed in the office of the clerk of court or exhibited to the attorney for the estate. Appellant did not file a claim with the clerk of court, but he wrote a letter to the attorney for the estate requesting the $24,223.41.

The attorney for the estate died in 1974, and probate action was delayed from 1974 to 1980. The estate was closed on April 6, 1981. The complaint in this matter was filed in September 1983. The motion to dismiss the complaint was on the basis of the statute of limitations and the statute of frauds. The motion was granted with prejudice.

The provisions of § 2-222, W.S. 1957, were applicable at the time and required that:

"Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, that the account is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. * * * "

Appellant did not comply with this statute. The letter sent to the attorney for the estate was not verified or alleged to have been verified. If a claim is not presented in compliance with the statutory requirements for doing so, it need not be accepted or paid.

"We must, therefore, hold that the processes of the courts of this state may not be used to enforce the payment of claims against an estate of a deceased which have not been presented and filed in accordance with requirements made mandatory by our legislative bodies. To do otherwise would be to override the lawful exercise of legislative prerogative. This we may not do." *In re Peterson's Estate*, 75 Wyo. 416, 296 P.2d 504, 506 (1956).

Inasmuch as appellant's claim was not properly submitted, its payment cannot be enforced, and the dismissal of appellant's complaint with prejudice was not error.

This being so, we need not address the questions of whether or not the claim was barred by the statute of limitations or by the statute of frauds. We must affirm on appeal if the action of the trial court is sustainable on any legal ground appearing in the record. *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983); *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1981).

Affirmed.