Dick Donald BALDWIN; Keith Daniel Baldwin; Donna A. Knudson f/k/a Donna A. Goodrich; Victor Goni and Elizabeth Goni, Appellants (Defendants),

Peter Zahara, Sr., and Amy L. Zahara, (Defendants),

v.

Ronald R. DUBE and Carol A. Dube, Appellees (Defendants and Third–Party Plaintiffs),

v.

Gary R. MARSHALL and Romaine L. Marshall, Third–Party Defendants,

v.

Gordon BYBEE and Iva Lee Bybee, (Plaintiffs).

No. 87–150.

Supreme Court of Wyoming.

March 11, 1988.

Randall T. Cox, Omohundro & Palmerlee, Buffalo, for appellants.

Timothy J. Kirven, Kirven & Kirven, Buffalo, for appellees.

Before THOMAS, CARDINE, URBIGKIT and MACY, JJ., and GUTHRIE, District Judge.

THOMAS, Justice.

The main question to be addressed in this case is whether the district court made a correct determination that the record disclosed no genuine issue of material fact when it entered summary judgment in favor of the appellees on appellants' several claims for breach of warranty based upon warranty deeds to lots in a rural subdivision. Because of the possibility that the same questions may re-occur in this case, we also address incidental issues relating to the invocation of parol evidence and the obligation to make findings of fact and conclusions of law in entering a summary judgment pursuant to Rule 56, W.R.C.P. We are convinced that the record discloses genuine issues of material fact which made the disposition of these claims by summary judgment inappropriate. We reverse the judgment entered by the district court and remand the case for trial.

The appellees, Ronald and Carol Dube (Dubes), acquired five acres of land from Gary and Romaine Marshall (Marshalls), in March of 1979 or 1980 (the discrepancy with respect to the year is a matter of record). The Marshalls conveyed the land to the Dubes by warranty deed, and, at the time of that conveyance, there existed a fence line running north and south which encroached fifty-four feet from west to east upon the boundary line of the five acres. At the time that the property was acquired, Ronald Dube knew that the fence line encroached upon the legal boundary line, and he also was aware of a claim to the fifty-four-foot strip based upon adverse possession by Gordon and Iva Bybee (Bybees), who owned the adjoining land to the west. The Dubes re-subdivided their five acres into four lots of 1¼ acres each, and they filed a plat of the subdivision with the county. The recorded plat shows the west boundary of the lots as the survey line, which is fifty-four feet west of the Bybees' fence.

The Dubes then sold three of the lots to the several appellants, conveying by a warranty deed in each instance. Donna Knudson (Knudson) purchased Lot Two on September 1, 1981. Keith and Dick Baldwin (Baldwins) purchased Lot One on April 23, 1984. Dube Associates, a partnership of Ronald Dube and another person, is the grantor on that deed. Lot Three was conveyed to Victor and Elizabeth Goni (Gonis) on August 8, 1984. The Dubes retained ownership of Lot Four in the subdivision. After these several conveyances, the Bybees, claiming title by adverse possession, initiated an action to quiet the title to the fifty-four-foot strip. Knudson, the Baldwins, the Gonis, the Dubes and Peter and Amy Zahara were named as defendants in the action. Relying upon the warranties in

their deed, the Baldwins cross-claimed against Ronald Dube, individually, and Dube Associates for damages or, alternatively, for rescission. Knudson and the Gonis filed similar cross-claims against the Dubes. The Dubes, by third-party complaint, sought recovery against their grantors, the Marshalls, seeking damages and indemnification with respect to the claims against them. The Bybees moved for summary judgment, which was granted by the district court, and a decree quieting title in them was entered.

Then, the Marshalls, the third-party defendants, filed a motion for summary judgment against the Dubes; motions for summary judgment were filed by all of the appellants against the Dubes; and the Dubes filed motions for summary judgment against the Marshalls and all of the appellants. Following a hearing, the district court, in response to the several motions for summary judgment, entered judgment for the Dubes against the Baldwins, Knudson and the Gonis on their cross-claims and against the Dubes on their third-party complaint against the Marshalls. The Baldwins, Knudson and the Gonis filed a motion for amendment of judgment, requesting that the district court make findings of fact and conclusions of law and also seeking a new trial. This appeal was perfected after that motion was denied.

■ Our review of a summary judgment is not limited by our usual rules, and we examine the case in the same manner as the district court, treating the motion as though originally before us and using the identical material and information which was presented to the district court. The party who moved for, and was granted, summary judgment is assigned the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. A fact is material if it would have the effect of establishing or refuting one of the essential elements of a cause of action or a defense asserted by the parties. When the moving party introduces affidavits, or other discovery materials, which demonstrate the facts upon which he relies and establishes that no genuine issue of material fact exists, it then becomes the obligation of the opposing party to produce similar materials which controvert the prima facie facts in the moving party's materials. We are obliged to examine the factual materials from the vantage point which is most favorable to the party opposing the motion, giving to that party all favorable inferences which may reasonably be drawn from them. In this instance, the theories and the factual materials claimed to justify the summary judgment differ from party to party. Consequently, we must consider separately the summary judgment entered against each of the appellants, even though some of the grounds asserted for reversal of the summary judgment are the same as to all appellants.

■ We already have noted that the conveyances to the Baldwins, Knudson and the Gonis were by warranty deeds [1] which described in each instance the property conveyed by specific reference to the official plats filed with Johnson County, which were prepared by Ronald Dube. The filed plats show the individual lots extending to the survey line which was east of the Bybees' fence. Each lot contained approximately 1.25 acres. The Baldwins, Knudson and the Gonis all were aware of the discrepancy between the surveyed boundary and the Bybees' fence line. Under the law,

1. Section 34–2–103, W.S.1977, states the effect of a conveyance by warranty deed:

"Every deed in substance in the above form [§ 34–2–102], when otherwise duly executed, shall be deemed and held a conveyance in fee simple, to the grantee, his heirs and assigns, with covenants on the part of the grantor, (a) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple in and to the premises therein described, and had good right and power to convey the same; (b) that the same were then free from all encumbrances; and (c) that he warrants to the grantee, his heirs and assigns, the quiet and peaceful possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon the grantor, his heirs and personal representatives, as fully, and with like effect as if written at length in such deed."

however, knowledge of a potential defect in the Dubes' title, by itself, would not warrant summary judgment in favor of the Dubes.

In *Hoke v. Welsh,* 162 Neb. 831, 77 N.W.2d 659, 662 (1956), the court quoted with approval from *Texas Company v. Snow,* 172 Ark. 1128, 291 S.W. 826 (1927), and said:

"* * * Knowledge or notice, however full, of an incumbrance or of a paramount title does not impair the right of recovery upon covenants of warranty, as they are taken for protection and indemnity against known and unknown incumbrances or defects of title."

The rule, stated in a recognized textbook, is:

"The grantee may have a right of recovery under a covenant of warranty even though he knew of the defect in title, or of the absence of title, at the time of the deed's execution." 7 G. Thompson, Commentaries on the Modern Law of Real Property § 3190 at 338 (1962 Repl.).

An encyclopedic statement of the same rule is:

"As a general rule, the fact that the grantee or covenantee, or the grantor or covenantor, or both, knew, at the time of the conveyance, that the grantor's title was defective or that the grantor had no title in a part or in the whole of the land does not affect the right of recovery for a breach of covenant." 21 C.J.S. *Covenants* § 538 at 908 (1940).

In this instance, Ronald Dube excepted from each warranty deed "easements, reservations, covenants, and restrictions, if any, of record." *Jones v. Grow Investment and Mortgage Company,* 11 Utah 2d 326, 358 P.2d 909 (1961), illustrates the application of the general rule and addresses the matter of exceptions in a warranty deed. The warranty deed, in that case, provided that the property granted was "subject to deed restrictions and easements of record." The grantee inspected the property and discovered an irrigation ditch; and he was informed that the ditch was an easement by prescription, not of record. The Supreme Court of Utah affirmed a

judgment for the grantee for breach of warranty and said:

"* * * However, with the possible exception of public easements that are apparent and in their nature permanent and irremediable, mere knowledge of the encumbrance is not sufficient to exclude it from the operation of the covenant. * * *

\*     \*     \*     \*     \*     \*

"* * * The defendant saw fit to except from this covenant 'deed restrictions and easements of record.' Nothing is manifested in the deed that any other encumbrances were to be excluded. It would have been a simple matter for the defendant, as grantor, to exclude from the covenant the existing ditch. * * * The very purpose of the covenant is to protect a grantee against defects and to hold that one can be protected only against unknown defects would be to rob the covenant of most of its value." *Jones v. Grow Investment and Mortgage Company,* supra, 358 P.2d at 911.

Since the knowledge of the potential defect does not serve to sustain the summary judgment in this instance, we must consider the nature of any further knowledge possessed by the several grantees and their respective conduct in the case. The record is not clear concerning the extent of the knowledge of the Baldwins, Knudson or the Gonis so far as the strength or nature of the Bybees' claim to the disputed tract is concerned. Victor Goni, by deposition, stated that Ronald Dube told him that the disputed strip was part of his lot. Knudson, by deposition, testified that at the time she bought her lot, she thought the Bybees were disputing only the accuracy of the survey. She stated further that she had relied on the official plat in connection with her lot purchase. Dick Baldwin, in his deposition, said that he was aware of a problem with the fence line but that he had relied on the official plat. Ronald Dube denied these statements and asserted that each of the appellants had been informed directly by him, or indirectly by realtors, that the property purchased extended only

to the fence line. The facts as to knowledge were in dispute.

■ Even so, the Dubes contend that the trial court properly concluded that Knudson had waived her rights under the warranty deed. The waiver claim is premised upon language in the purchase offer, signed by Knudson:

> "Buyer acknowledges she has inspected the property and she is making this offer based on her inspection and examination, independent of statements by Sellers, Broker, or Agents of Broker."

In addition to this language, the Dubes point to statements in Knudson's deposition supporting waiver. This court has said that "[w]aiver, as distinguished from estoppel, is the intentional relinquishment of a known right and must be manifested in some unequivocal manner * * *." *Ranger Insurance Company v. Cates*, Wyo., 501 P.2d 1255, 1259 (1972). See also *Murphy v. Stevens*, Wyo., 645 P.2d 82 (1982); *Ramirez v. Metropolitan Life Insurance Company*, Wyo., 580 P.2d 1136 (1978). Furthermore, the question of waiver normally is one for the jury. See 28 Am.Jur. 2d *Estoppel and Waiver* § 174 (1966), and the cases cited therein. The language in the purchase offer cannot be construed as an unequivocal waiver of the warranties in Knudson's deed. What she said in her deposition was that she thought she was purchasing an acre and a quarter in accordance with the plat and that she did not understand initially that the lot, as platted, extended beyond the Bybees' fence. This information lends itself to an inference that she was ignorant with respect to the infringement upon her rights under the warranty deed. Both statements are refuted by Ronald Dube. The conclusion must be that there did exist a genuine issue of fact with respect to the question of waiver, which prevented resolution of that defense by summary judgment.

With respect to the summary judgment against the Gonis, the Dubes assert that they were estopped from asserting their claims under their warranty deed. The estoppel is claimed to rest upon the Gonis' knowledge of the discrepancy in the boundary line. We earlier have recalled that, from the factual materials in the record, the extent of the Baldwins', Knudson's and the Gonis' knowledge of the Bybees' claim is disputed. Furthermore, simple awareness of the discrepancy between a fence line and a legal boundary does not constitute knowledge of a valid adverse claim to the disputed tract. In this regard, Victor Goni testified that Ronald Dube told him that the fifty-four-foot strip was part of the lot that Goni was purchasing.

■ To support the theory of estoppel, the Dubes rely upon a Colorado case which deviates from the general rule, discussed earlier, that even though a grantee, at the time of the conveyance, knows of a defect in the grantor's title, his knowledge does not foreclose recovery for breach of the warranty in the deed. In *Reinhardt v. Meyer*, 153 Colo. 296, 385 P.2d 597 (1963), the court held that the grantees were estopped from relying on the warranty of their deed in an instance in which the grantees had drafted the purchase and sale agreement which provided that the exact boundary line would be determined by a survey to be completed by the seller. Relying upon that fact, the Colorado court concluded that the parties had intended the encumbrance to be excluded from the warranty in the deed. The facts in this case clearly are distinguishable from those in *Reinhardt v. Meyer*, supra. In this instance, the record does not demonstrate that the parties to the conveyance intended, or even contemplated, that the tract which the Bybees succeeded in claiming by adverse possession would be excluded from the warranties in the deed. Under these circumstances, the summary judgment against the Gonis cannot be justified by any theory of estoppel.

■ As to the Baldwins, the Dubes submit two additional theories to support the summary judgment. First, the Dubes assert that the conveyance to the Baldwins was made by Dube Associates, a partnership consisting of Ronald Dube and another individual, and, therefore, Ronald Dube was entitled to summary judgment on any liability under the warranty deed. The

record manifests unresolved factual disputes as to whether Dube Associates was served and became a party to this action. Even though the warranty deed delivered to the Baldwins shows Dube Associates as the grantor, Ronald Dube testified, in his deposition, that he personally sold the property to the Baldwins. The drawing of the proper inference from that discrepancy presents a question of material fact.

Furthermore, § 17–13–305, W.S.1977 and § 17–13–307, W.S.1977, provide for individual liability by Ronald Dube to the Baldwins, as grantees of the partnership. Those statutes, in pertinent part, provide as follows:

"Section 17–13–305. Partnership bound by partner's wrongful act or omission.

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

"Section 17–13–307. Liability of partners generally.

"(a) All partners are liable:

"(i) Jointly and severally for everything chargeable to the partnership under sections 13 [§ 17–13–305] and 14 [§ 17–13–306];

"(ii) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

Given the facts of record and these statutes, Ronald Dube's individual liability to the Baldwins was not an appropriate matter for summary judgment based upon the law of partnerships.

As a second basis for sustaining the summary judgment against the Baldwins, the Dubes contend that Dick Baldwin was not a party in interest. They rely upon his

conveyance of his interest in the lot to his granddaughter. Dick Baldwin retained a mortgage on the lot, however, and he was required to defend in the quiet title action brought by the Bybees. A reference to Rule 25(c), W.R.C.P.,[2] demonstrates that this argument of the Dubes has no merit. Dick Baldwin was a party in interest for purposes of the summary judgment.

Analysis of the record with respect to the individual situations of the several appellants, demonstrates that either the law or genuine issues of material fact foreclose the entry of summary judgment against the appellants. The summary judgment must be reversed.

Our holding with respect to the propriety of the summary judgment disposes of this case, but the appellants assert additional issues which could arise in the further consideration of this case in the district court. For that reason, we address them. E.g., *Rocky Mountain Oil & Gas Association v. State*, Wyo., 645 P.2d 1163 (1982); *Madison v. Marlatt*, Wyo., 619 P.2d 708 (1980); *McGuire v. McGuire*, Wyo., 608 P.2d 1278 (1980).

■ The Baldwins, Knudson and the Gonis argue that, in order to rule on the Dubes' motion for summary judgment, the trial court must have relied upon inadmissible parol evidence, in two critical areas, in order to demonstrate exceptions from the warranty covenants in the several deeds. The first of those relates to knowledge on the part of the grantees; the second relates to the boundaries of the property. The district court did not specify what facts it considered in awarding summary judgment to the Dubes. For that reason, we are not certain of the validity of this contention by the appellants, but we agree that any reliance by the trial court on parol evidence to vary or contradict the terms of the deeds would constitute error.

The author of the textbook on real property relied upon earlier says:

2. Rule 25(c), W.R.C.P., provides:
"*Transfer of interest.*—In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the

interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

"Parol evidence is inadmissible to show exceptions to express covenants in a deed. Parol evidence is not admissible to show that a purchaser knew of the existence of an encumbrance or adverse right not referred to in the deed, and took the conveyance subject to it." 7 G. Thompson, Commentaries on the Modern Law of Real Property, supra, § 3186 at 311.

Furthermore, with respect to the boundaries, the encyclopedic treatment is a good statement of the general rule:

"*Boundaries.* The statements of a deed as to the boundaries of land have the same conclusiveness as any other portion of the description, and cannot be varied by parol or extrinsic evidence or by showing any understanding of the parties different from that expressed in the deed. Such evidence is not admissible to contradict or vary the statements in the deed as to the courses, distances, or calls; and a line supplied by necessary intendment cannot be varied by parol." 32A C.J.S. *Evidence* § 916 (1964) at 290, 291, and the cases cited therein.

We assume that upon the trial of this case, these evidentiary rules will be regarded by the district court in addressing the issues presented by the case.

Some further attempt could be made to invoke the remedy of summary judgment. For that reason, we consider the contention by the Baldwins, Knudson and the Gonis that the trial court abused its discretion by not adopting findings of fact pursuant to Rule 52(b), W.R.C.P. This issue was posed by their motion for amending of the judgment and for the making of findings of fact and conclusions of law. We hold that Rule 52, which provides for findings by the court, and amendment thereof, has no application to a motion for summary judgment under Rule 56, W.R.C.P. Rule 52, W.R.C.P., contains different language from Rule 52, F.R.C.P. Rule 52(a), F.R.C.P., specifically provides that findings of fact and conclusions of law are unnecessary upon the decision of a motion under Rule 56, F.R.C.P. This language is not included in Rule 52, W.R.C.P., but the justification for not requiring findings of fact is exactly the same. When a summary judgment is entered, there has been no trial of questions of fact but simply a determination that there is no genuine issue as to the material facts. Consequently, the finding of facts under Rule 52, W.R.C.P., is not appropriate. We recall that we have said:

" * * * We assume the district court had a reason for granting the motion for summary judgment and we would prefer that he had entered his reasons into the record. Absence from the record of a specific basis upon which summary judgment was sought or granted is a handicap to the reviewing court, although specific bases are not mandatory under the rule." *Centrella v. Morris*, Wyo., 597 P.2d 958, 962 (1979).

While an articulation of the undisputed material facts to which the court applied the law in granting a summary judgment can be helpful, there is no abuse of discretion in failing to do so.

Reversed and remanded for trial.