**AM-TEL CORPORATION, Successor in Interest to Dent-Tel, Inc., a corporation, Appellant (Plaintiff),**

v.

**Jamis M. JOHNSON and Richard G. Newton, Appellees (Defendants).**

**No. 88-288.**

Supreme Court of Wyoming.

May 11, 1989.

John A. Thomas, Phillips, Lancaster & Thomas, P.C., Evanston, and David Maddox, Maddox & Snuffer, Murray, Utah, for appellant.

Jamis M. Johnson and Richard G. Newton, pro se.

1133 (Wyo.1975). Section 16-3-110, W.S.1977, does not accommodate to such a rule with respect to administrative proceedings.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and BROWN, J., Retired.

THOMAS, Justice.

This action was brought to quiet title to three platted lots in Uinta County based upon a claim of a constructive trust imposed upon the lots. The essential question to be resolved is whether a mortgagee of real property can rely exclusively upon the record title to sustain a summary judgment in his favor or whether a genuine issue of material fact is presented by the presence of an affidavit in the record which asserts actual knowledge of the trust by the mortgagee. The district court granted summary judgment in favor of the mortgagee, noting in the record that it had specifically considered the affidavit and stating that the claim was barred by the statute of frauds. We conclude that a genuine issue of material fact is present, and we reverse the summary judgment entered by the district court.

Am–Tel Incorporated (Am–Tel), in its Brief of Appellant, states the issues in this way:

"I. Whether the lower court erred in granting summary judgment to appellee in light of the fact that there were genuine questions of material fact existing in the case that should have been resolved in favor of appellant, the non-moving party, thus precluding summary judgment?

"II. Whether the lower court erred in granting summary judgment based on an application of the statute of frauds to a transaction revolving around a constructive trust?"

Jamis M. Johnson and Richard G. Newton (Newton), in the Brief of Appellees, set forth this statement:

"I. There are no genuine issues of fact outstanding.

"II. The statute of frauds is applicable. Appellant Am–Tel's claim is barred by the statute of frauds because appellant has no written agreement with appellee Newton to subordinate his lien to appellant Am–Tel's interest.

"III. Constructive trust doctrine is inapplicable.

"A. Appellant Am–Tel may not use an equitable argument to take property from appellee Newton because Am–Tel has unclean hands and this is apparent from the record.

"B. Constructive trust is inapplicable to Newton."

The disposition of this appeal touches upon many of our rules relating to summary judgments which have been recited numerous times, and we direct the reader only to the summaries in *Fiscus and Wuestenberg v. Atlantic Richfield,* 773 P.2d 158 (Wyo.1989), and *Baldwin v. Dube,* 751 P.2d 388 (Wyo.1988). The review of summary judgment is not limited by our normal rules of review, and we examine the case in the same manner as the district court. The motion is treated as though before us originally, and we use the identical material and information which was presented in the trial court. The party who moved for, and was granted, summary judgment must accept the burden of demonstrating that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. A fact is material if it has the effect of establishing or refuting one of the essential elements of a cause of action or a defense asserted by the parties. If the moving party has sustained the assigned burden by presenting affidavits or discovery materials that, together with the pleadings, demonstrate those facts upon which he relies to establish that there is no genuine issue as to any material fact, then the opposing party is obliged to present his documentation of facts which controvert the prima facie facts in the moving party's materials. In determining whether there is a genuine issue of any material fact, we are obliged to examine those factual materials from the vantage point most favorable to the party opposing the motion, giving to that party all the favorable inferences which reasonably may be drawn from the facts.

In the trial court, Newton moved for summary judgment, and Am–Tel, a Utah corporation, opposed it. The facts dis-

closed by the affidavits and other discovery materials demonstrate that, on December 5, 1985, Daniel Southwick, an agent of Am–Tel, and Ronald Brown, then the president of Am–Tel, purchased three building lots in Uinta County, Wyoming from Hoback Ranches, Inc. The lots were paid for with Am–Tel stock, owned by Southwick, and transferred by him to Hoback. The warranty deed from Hoback named as grantees Southwick and Brown, as tenants in common. The record includes an undated agreement of exchange, signed by Southwick, that was executed, at least inferentially, prior to December 5, 1985. It provides in paragraph three as follows:

"Mr. Brown and Mr. Southwick agree and covenant that the land to be received by them as described above shall be transferred to the ownership of Dent–Tel, Inc., a Utah corporation, promptly after the conclusion of this exchange, without the payment of compensation by the corporation, and without diluting in any way the percentage of stock ownership of Hoback in Dent–Tel, Inc., to be received by Hoback in this exchange, and they acknowledge that part of the consideration for this exchange is the understanding and agreement, which is hereby included in this document, that the corporation, Dent–Tel, Inc., shall have the ownership and benefit of the above described land."

The record also includes corporate minutes of Am–Tel for a meeting held on January 26, 1986. Those minutes contain the following recitation and resolution:

"The Chairman announced that the first order of business was the consideration by the board of the issuance of 2,748,048 shares of the restricted common stock of the corporation to Daniel R. Southwick as a reimbursement to Mr. Southwick for his personal restricted shares which he used to acquire on behalf of the Corporation three building lots in Evanston, Wyoming, an investment from Mr. Douglas Heiner and real property known as the 'D' Street Project. The Chairman explained that Mr. Southwick had acquired these assets on behalf of the Corporation by transferring restricted shares which were owned in Mr. Southwick's name to the individuals who were the former owners of these assets. After a discussion of the reimbursement it was upon motion duly made, seconded, unanimously:

"RESOLVED, that Daniel R. Southwick be issued 2,748,048 shares of the restricted common stock of the Corporation in reimbursement for his personal restricted shares, in like number, which he has transferred to the former owners of certain assets he has obtained on behalf of the Corporation. Such assets include three building lots in Uintah County, Wyoming, a cash investment made by Mr. Douglas Heiner and real property known as the 'D' Street Project."

We do not know whether the stock actually was issued, but the favorable inference is that it was.

This information is included in Am–Tel's documentation opposing Newton's motion for summary judgment and supporting its legal theory that the three lots were purchased on behalf of Am–Tel. The materials tend to demonstrate that Am–Tel reimbursed Southwick for the purchase price he paid Hoback, and that Southwick and Brown were under an obligation to transfer the property to Am–Tel immediately after it was purchased by them. Am–Tel contends that this obligation to transfer arose by virtue of a fiduciary relation between Am–Tel and Southwick and Brown and, also, by virtue of the express provision in the agreement of exchange providing for the re-transfer of the property to Am–Tel. It is clear that the lots were not transferred by Southwick and Brown to Am–Tel prior to Newton's involvement.

On February 10, 1986, Southwick and Brown mortgaged the property to Newton as security in connection with a commercial transaction between Southwick and Newton. No one raises any question that Newton did not give value for the mortgage of the lots. Subsequently, Newton's mortgage was foreclosed, and he was the purchaser at the foreclosure sale. In his motion for summary judgment, Newton relied upon the fact that Southwick and Brown

had clear record title to the property and that a title insurance policy had been issued for Newton's benefit that identified Southwick and Brown as the record owners of the three lots.

Am–Tel has included in the materials which are offered in opposition to the motion for summary judgment an affidavit from Southwick which encompasses a statement that Newton took the mortgage with actual knowledge of Am–Tel's right to have the property transferred to it. Newton denies any knowledge of the arrangement between Southwick and Brown and Am–Tel.

On January 9, 1987, Southwick and Brown did furnish a warranty deed transferring the property to Am–Tel, but that deed had not been recorded prior to the entry of summary judgment in this case. This action was instituted by Am–Tel on October 9, 1987 based upon its claim to an interest superior to that of Newton.

There indeed is some facial difficulty with the credibility of Am–Tel's position as demonstrated by its pleading and the documents submitted in opposition to Newton's motion for summary judgment. An examination of those facts that we have recited from the view most favorable to Am–Tel, and the identification of the most favorable inferences that can be drawn from those materials, demands that we recognize the existence of a genuine issue of material fact which precludes summary judgment in favor of Newton. Am–Tel's factual assertions fulfill the essential requirements for establishing the existence of a constructive or resulting trust. *Thomasi v. Koch*, 660 P.2d 806 (Wyo.1983); A. Scott, The Law of Trusts §§ 440.2, 462.4 (3d ed. 1967).

If one relies upon the agreement of exchange between Hoback Ranches, Inc. and Southwick and Brown, it would appear that Southwick and Brown received title subject to a constructive trust. In the alternative, if one looks to the corporate minutes of Am–Tel, the trust might be described as a resulting trust once Southwick was reimbursed for the consideration he and Brown had furnished to Hoback. The essence of

Newton's contention is that he should be able to rely on record title without regard to the alleged trust. Acceptance of Newton's position as a matter of law would virtually eliminate reliance upon the doctrine of constructive or resulting trusts with respect to real property, and we decline to go that far in overruling or changing our prior case law. In addition, the concept that one must be a bona fide purchaser, i.e., without knowledge of an outstanding claim, would be substantially diminished if not lost.

We note the reliance by the trial court upon the statute of frauds, but recognizing a constructive trust imposed by the purchase agreement between Hoback Ranches, Inc. and Southwick and Brown requires reliance upon a document signed by Southwick which suffices to avoid the statute of frauds. Furthermore, the preeminent authority on the law of trusts questions whether the statute of frauds is pertinent with respect to contentions of constructive or resulting trusts. A. Scott, The Law of Trusts §§ 406, 482.

Newton, on this record, does not oppose the showing by Am–Tel that would justify a conclusion as a matter of law that a constructive or resulting trust was present. The factual issue here is whether Newton can qualify as a bona fide purchaser because he was without knowledge of such a trust. We have noted that Southwick, by affidavit, says Newton knew of the rights of Am–Tel, and Newton has sworn that he did not.

We agree with Newton's position that initially the trust would protect Am–Tel only with respect to Southwick and Brown. If, however, Newton accepted the mortgage with actual knowledge of the trust in favor of Am–Tel, then he took the mortgage subject to Am–Tel's priority status as beneficiary of the trust. A. Scott, The Law of Trusts §§ 476–77. This record does demonstrate a sharp factual dispute between Am–Tel and Newton as to knowledge, and this knowledge does relate to a material fact under the applicable law, which prevents summary judgment in the case. Newton's reliance upon the equitable

doctrine of unclean hands in his brief may well serve as a theory of defense at trial, but it is not sufficient at this point to justify the entry of a summary judgment.

With respect to Jamis M. Johnson, also a defendant and an appellee, we sustain the summary judgment entered by the district court. We can identify no material in this record which would serve to demonstrate that Jamis M. Johnson ever held, claimed, or, subsequent to the foreclosure, received any interest in the three lots. Consequently, there is no basis for naming him in a quiet title action, and he is entitled to summary judgment.

The case is reversed and remanded for further proceedings consistent with this opinion.