John E. RADOSEVICH, Appellant (Plaintiff),

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SWEETWATER, Wyoming; the Board of the Sweetwater County Solid Waste Disposal District No. 1; and Johnson, Fermelia & Crank, Inc., a Wyoming corporation, Appellees (Defendants).

No. 88-226.

Supreme Court of Wyoming.

July 3, 1989.

John W. James of James and James, Rock Springs, for appellant.

Frank D. Neville and Stuart R. Day (argued) of Williams, Porter, Day & Neville, Casper, for Bd. of Sweetwater County Solid Waste Disposal Dist. No. 1.

Ford T. Bussart of Greenhalgh, Bussart, West & Rossetti, Rock Springs, for Johnson, Fermelia & Crank, Inc.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and ROONEY, J. Retired.

CARDINE, Chief Justice.

This personal injury case arose from injuries appellant John Radosevich received when he fell from the top of a wall into a concrete garbage pit. The district court entered summary judgment in favor of defendants Sweetwater County Solid Waste Disposal District No. 1 (District) and Johnson,

Fermelia & Crank, Inc. (JFC). Although variously stated by the parties, two main questions are presented by this appeal:

1. What legal duty does a landowner or occupier owe to an invitee in light of our decision in *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wyo.1985); and

2. Were there disputed issues of material fact sufficient to preclude summary judgment?

We affirm.

## FACTS

The garbage pit into which Radosevich fell is located in Sweetwater County on land leased by the county from the Bureau of Land Management. It is a concrete pit, approximately 16 feet deep, intended for household trash dumping during periods when the primary landfill facility is closed. There is a two-foot high concrete wall along one edge to prevent vehicles from backing into the pit. Appellant hauled trash to the landfill in his pickup, as he had on numerous previous occasions. He backed his pickup up to the concrete wall at the edge of the pit. He then climbed onto the wall and began to throw trash from his truck into the pit. While doing so, he lost his balance and fell into the pit, suffering an ankle fracture. Appellant testified that he did not know why he lost his balance but speculated that it might have been because of a gust of wind, or because he slipped, or because he stepped backwards, or because the wall was narrow.

Appellant testified that he was aware that a person standing on the wall could fall off into the pit. He also testified that despite his awareness of the danger, his customary practice was to stand on the wall when unloading trash from his truck. Appellant contends that the wall was negligently designed in that it was too narrow to stand on safely and it should have been wider, or, alternatively, that it should have been impossible to stand on the wall. Since his accident, he now unloads while standing on the ground outside the wall.

Appellant sued District, JFC, and the Board of County Commissioners of Sweet-

water County alleging negligent design, construction and maintenance of the pit. He also claimed that District, as lessee, was liable for an unreasonably dangerous condition on the property. The Board of County Commissioners was dismissed from the case prior to this appeal. After discovery was completed, the district court granted summary judgment for appellees.

## DISCUSSION

Appellant contends that his injury demonstrates that the wall was a dangerous condition and that since he was aware of the danger, the danger was obvious. He then argues that our decision in *O'Donnell v. City of Casper,* 696 P.2d 1278 (Wyo. 1985), created an absolute duty in Wyoming to remove obvious dangers created by the defendant. He therefore concludes that District had a duty to remove the obvious danger; the injury shows that the duty was violated; so District must be liable.

Appellant misinterprets the effect of *O'Donnell.* That decision did not create new legal duties; it held that a plaintiff's behavior in choosing to encounter a known and obvious danger is evidence of his negligence.[1] This negligence is compared to the total fault under W.S. 1–1–109 if there is a trial. *Jones v. Chevron U.S.A., Inc.,* 718 P.2d 890, 898 (Wyo.1986).

The "absolute duty" rule advanced by appellant would make any landowner or occupier an insurer of all invitees. To impose an absolute duty to remove any condition which could possibly cause injury would effectively require the removal of all artificial structures. All vertical walls would have to be razed in order to prevent the obvious danger that someone might walk headlong into one and suffer an injury. Similarly, street curbs would have to be removed because someone might trip, fall and be injured. At the extreme, any artificial condition which could be tripped over, fallen off of, run into, or bounced off of causing injury would, according to appel-

lant, be unreasonably dangerous and per se negligently designed, constructed or maintained.

An occupier of land's duty is to protect an invitee against *unreasonably* dangerous conditions, not against every conceivable risk of injury. The mere fact that an injury occurred does not establish that a condition was unreasonably dangerous, nor does testimony that the danger was "known" or "obvious." A departure from what is reasonable in design and construction under the circumstances must be shown to establish that a condition is unreasonably dangerous.

Appellant contends that a jury trial is needed to compare the negligence of the parties. While it appears from the materials presented in support of summary judgment that the plaintiff in this case may have been negligent, negligence of the plaintiff alone does not automatically require a trial to apportion liability. There must be a question of material fact in regard to defendants' negligence; negligence of a defendant will not be presumed merely because a plaintiff was injured.

To avoid summary judgment where, as here, defendant has established that the pit and wall are simple structures designed, constructed and maintained so as to be reasonably safe for its intended use—which was to prevent vehicles from backing into the pit—it was incumbent upon plaintiff to produce facts which indicate that the condition as designed, constructed or maintained was unreasonably dangerous. Plaintiff's response is best illustrated by the following excerpt from his deposition testimony:

> "If the wall was designed to stand on, it should have been wider. If the wall was designed not to stand on, there should have been a—something to prevent you from standing on it."

Bald assertions that it should have been possible to prevent the injury or that the condition must ipso facto be unreasonably dangerous because someone was injured

---

1. The decision preserved a distinction between natural and artificial conditions. An owner of property still has no duty to his invitees to correct a known and obvious danger resulting from natural causes. *Jones v. Chevron U.S.A., Inc.,* 718 P.2d 890 (Wyo.1986).

are not sufficient to create a question of material fact. *Baldwin v. Dube*, 751 P.2d 388, 390 (Wyo.1988). Giving every favorable inference to appellant as the non-moving party, we are unable to discern a genuine issue of material fact or any facts showing that the wall was dangerous when used for its intended purpose. There was no danger at all until appellant attempted to balance himself on the wall, in a gusty high wind, while throwing refuse from his pickup. Simply stated, the wall was not shown to be an unreasonably dangerous condition as designed and constructed.

Appellant asserts that numerous disputed issues of fact exist. In support, he has presented us with numerous references to deposition testimony of Kim Briggs, an administrative assistant to District, and of Edward Fermelia, one of the principals of JFC. However, he has not presented material facts which create a dispute. He has merely listed facts with which he disagrees. A plaintiff may not resist a summary judgment motion merely by identifying testimony which is contrary to allegations made in his complaint. To demonstrate a genuine issue of material fact requires more than repeated assertions that a defendant is liable. After a prima facie showing has been made, the opposing party cannot rely solely on allegations or argument to defeat the motion. He must produce similar materials which controvert the prima facie facts in the moving party's materials. *Baldwin*, 751 P.2d at 388.

The summary judgment is affirmed.

URBIGKIT, J., concurs in the result.

ROONEY, J. Retired, filed a concurring opinion.

MACY, J., filed a dissenting opinion.

ROONEY, Retired Justice, concurring.

I concur in that said by Chief Justice Cardine. Additionally, I affirm for the reasons stated in my dissenting opinion (joined by Justice Raper, Retired) in *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wy.1985).

MACY, Justice, dissenting.

The majority decision disposes of this case by determining that appellees were not negligent as a matter of law; i.e., that the dump pit and wall did not present an unreasonably dangerous condition for which appellees, as occupiers of the land, owed a duty to invitees to protect them from, or at least warn of, the risk of harm. It may be that the majority is correct in its assessment of the reasonableness of the risk created by the construction, design, and maintenance of the facility. This determination, however, which was not clearly made by the district court, would be better left to a jury.

Normally the reasonableness or unreasonableness of the risk created by a defendant's conduct is a jury question, and a plaintiff is entitled to submit to the jury a question of whether the conduct of a defendant comports with that of a reasonable man under the circumstances, except in the most exceptional cases. *DeWald v. State*, 719 P.2d 643 (Wyo.1986); *Brockett v. Prater*, 675 P.2d 638 (Wyo.1984). For this reason we have repeatedly stated that summary judgment is not favored in negligence actions. *Conway v. Guernsey Cable TV*, 713 P.2d 786 (Wyo.1986); *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wyo.1985). Under the facts of this case, reasonable minds could disagree as to whether a sixteen-foot deep public dumping pit with a two-foot high concrete barrier created an unreasonably dangerous condition, especially where it was apparently designed for the public to back their vehicles to the wall so they could throw trash into the pit. The foreseeability of members of the public actually standing on the wall to throw garbage into the pit similarly presents a jury question. The district court, to the extent it so decided, and now this Court have usurped the jury's function by deciding these factual questions as matters of law.

In deciding this case in the manner in which it does, the majority thereby avoids the necessity of considering the actual bases upon which the district court granted summary judgment and the actual issues presented by the parties to this appeal.

We have said, of course, that this Court may decide a case upon any legal ground appearing in the record. *Litzenberger v. Merge*, 698 P.2d 1152 (Wyo.1985); *Hurst v. State*, 698 P.2d 1130 (Wyo.1985). In the instant case, however, had the majority not ill-advisedly decided the jury question regarding appellees' negligence, it would have been forced to address the issues of governmental immunity for the Waste Disposal District and application of the known and obvious danger rule with respect to the liability of both appellees. It was upon those grounds that the district court granted summary judgment and upon which the parties directed their arguments to this Court.

The district court determined that the Waste Disposal District was entitled to the general grant of governmental immunity provided by Wyo.Stat. § 1–39–104(a) (1977) of the Wyoming Governmental Claims Act and that appellant failed to produce any evidence which would bring the Waste Disposal District within any of the exceptions contained in that Act. Although the district court may have been correct in this determination, complex questions are presented with respect to the relationship between the Waste Disposal District and JFC, the potential direct or vicarious liability of the Waste Disposal District, and the effect of Wyo.Stat. § 1–39–108 (1977) and Wyo.Stat. § 1–39–111 (1977) (repealed in 1986). The comprehensive inquiry required to assess the district court's resolution of those questions will not be here undertaken as a search for a legitimate basis to affirm with respect to the Waste Disposal District.

The district court further determined, however, that the dangers inherent in the facility were known and obvious to appellant, and therefore liability for both the Waste Disposal District and JFC was precluded by the obvious danger rule; i.e., the obvious danger rule operated as a complete bar to recovery. This rationale of the district court, which is also urged as an additional basis for affirmance by the concurring opinion of Justice Rooney (Retired), is clearly contrary to our recent decisions on this issue.

In *O'Donnell,* 696 P.2d 1278, we held that those situations in which the obvious danger rule operated to negate a duty on behalf of a defendant property owner or occupier were narrowly limited to dangers presented by naturally existing conditions and that otherwise the obviousness of the danger becomes a factor in apportioning negligence between a plaintiff and a defendant under our comparative negligence statute. In *Jones v. Chevron U.S.A., Inc.,* 718 P.2d 890, 898 (Wyo.1986), we reaffirmed our holding in *O'Donnell,* stating that:

> [T]he obvious-danger rule does not apply when a dangerous condition is created by the owner or his servants. * * * Even if the danger was perfectly obvious to [the plaintiff], it is the function of the jury, under the comparative negligence statute, to compare his negligence with that of [the defendant].

*See also* Note, *Assumption of Risk and the Obvious Danger Rule. Primary or Secondary Assumption of Risk?,* XVIII Land & Water L.Rev. 373 (1983); and Note, *The Obvious Danger Rule—A Qualified Adoption of Secondary Assumption of Risk Analysis,* XXI Land & Water L.Rev. 251 (1986). The reliance by the district court upon the obvious danger rule as an absolute defense was erroneous, and, although the majority opinion implies as much, it should explicitly say so. The summary judgment in this case cannot be affirmed premised alternatively on the obvious danger rule as a complete bar to recovery.

I would reverse the summary judgment and remand the case for trial.