PARK COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant (Defendant),

v.

Dan HODGE, Appellee (Plaintiff).

No. 89–190.

Supreme Court of Wyoming.

June 15, 1990.

George L. Simonton of Simonton and Simonton, Cody, for appellant.

W.W. Reeves of Reeves & Murdock, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

This was an action to recover the sum of $400 per month for the balance of Sheriff Dan Hodge's term. The Park County Board of County Commissioners (Board) appeals from a summary judgment in favor of Hodge.

The Board presents for our determination the following issues:

"A. Did appellee provide sufficient 'record' to sustain the summary judgment?

"B. Did the court err in determining that the housing allowance was 'salary'?"

We affirm.

Appellee Dan Hodge is the sheriff of Park County. From the beginning of his term, January 1987, he was paid a housing allowance of $400 per month. On July 1, 1988, the Board ceased payment of the $400 per month housing allowance. Hodge sued the Board in district court, alleging that Art. 3, § 32 of the Wyoming Constitution prohibited the Board's action. Article

3, § 32 of the Wyoming Constitution provides:

"Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary or emolument after his election or appointment * * *."

On review of summary judgment, we examine all of the information and material presented to the district court. *Matthews v. Fetzner*, 768 P.2d 590, 592 (Wyo.1989). The record in this case consists of Hodge's complaint, motion for summary judgment, and affidavit with one of his pay stubs attached showing the payment of $400 per month.

The second paragraph of Hodge's complaint states:

"2. From the beginning of his term, until July 1, 1988, plaintiff received, as authorized by law, as part of his salary, a housing allowance of approximately $4,800 per year."

The Board's answer to paragraph 2 of the complaint states as follows:

"1. This Defendant admits paragraph * * * 2."

Having admitted that the $400 per month was salary, the Board now claims that Hodge failed to establish that the housing allowance was part of his salary. The Board also argues that Hodge did not establish that he was legally entitled to any salary.

The Board, in its answer, admitted the precise point it now seeks to dispute. A party is bound by its admissions. *Board of County Comm'rs v. State ex rel. Miller*, 369 P.2d 537, 540 (Wyo.1962). For purposes of this case, appellant's admissions conclusively establish that the monthly $400 payments were legally authorized and part of Hodge's salary. The Board is precluded from asserting now that they did not intend to make these admissions or that the admissions are incorrect. The Board made no attempt to amend their answer, and indeed filed nothing further until Hodge was granted the summary judgment.

Since the Board has admitted that these payments were part of Hodge's salary, we do not reach the general question of whether a sheriff's housing allowance as provided in W.S. 18–3–603(b) is something other than "salary or emolument." The opinion dissenting and concurring in the result only is advisory. While the dissenting justice may believe he is writing for the future of the law, the reader should remember the thoughts are his alone and that a majority of this court would probably disagree, if it were inclined to issue an advisory opinion.

 The only question here presented is whether the Board's action in terminating the monthly payments violated Art. 3, § 32 of the Wyoming Constitution. The Board has admitted that the $400 per month payment to Hodge was salary. The cessation of this payment during his term was in violation of Art. 3, § 32 of the Wyoming Constitution. It was unconstitutional and void. The summary judgment, therefore, is affirmed.

THOMAS, J., filed a specially concurring opinion.

URBIGKIT, J., filed an opinion dissenting and concurring in the result only.

THOMAS, Justice, concurring specially.

I am in complete accord that this case should be affirmed, and I cannot disagree with the rationale for the majority opinion. The Park County Board of County Commissioners did admit in the pleadings that the amounts in issue were paid to the sheriff as salary. That admission justifies the decision of the district court that this court is affirming.

I believe that precision in the law is appropriate insofar as it can be achieved. The applicable constitutional provision states:

"Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary or emolument after his election or appointment; * * *." Wyo. Const. art. 3, § 32.

In my judgment, the $400 per month that is in issue here should be identified as an emolument. In *Taxpayers' League of Carbon County, Wyoming v. McPherson*, 49 Wyo. 251, 54 P.2d 897 (1936), this court held that the statutory amount paid to a sheriff to reimburse him for the use of his automobile was neither salary nor an emolument. The court did, however, invoke these definitions:

"In *Reals, County Treasurer v. Smith*, 8 Wyo. 159, 56 Pac. 690, 692, where a statute separated the office of county assessor from that of treasurer, thus taking away the duty thus imposed upon the latter of appointing deputy assessors, his salary not being disturbed, it was held that this did not decrease the county treasurer's emoluments; the court saying:

" ' "Emolument" is generally defined as "the profit arising from office or employment; that which is received as compensation for services, or which is annexed to the possession of office, as salary, fees, and perquisites; advantage; gain, public or private." ' 10 Am. & Eng. Ency.L. (2d ed.), p. 1204.

" 'The gain, profit, or advantage which is contemplated in the definition or significance of the word 'emolument,' as applied to officers, at least as the word is employed in the constitutional provision aforesaid, clearly comprehends, we think, a gain, profit, or advantage which is pecuniary in character.'

"Webster's International Dictionary, Second Edition (1935), defines the word 'emolument' as 'profit from office, employment or labor; compensation, fees or salary.' The meaning, 'advantage'; 'benefit' is therein indicated as obsolete." *McPherson*, 49 Wyo. at 263, 54 P.2d at 901.

The court also adopted with approval the following language from *Apple v. Crawford County*, 105 Pa. 300, 303, 51 Am.Rep. 205 (1884):

" 'In Webster's Unabridged Dictionary the word "emolument" is thus defined: "The profit arising from office or employment; that which is received as a

compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage; gain, public or private." We think the word imports more than the word salary or fees, and because it is contained in the Constitution in addition to the word "salary" we ought to give it the meaning which it bears in ordinary acceptation. By the definition above given it imports any perquisite, advantage, profit or gain arising from the possession of an office. *The service which it compensates is official service and is compulsory.'"* McPherson, 49 Wyo. at 269, 54 P.2d at 903 (emphasis in original).

If perchance the sheriff already was receiving the maximum salary provided by law, the additional amount could not be paid as salary. Yet, it so clearly fits within the definitions recited above that it must be an emolument, a term that is broader than the word salary. The same result pertains, and the federal statutes may well reach to withholding requirements for emoluments as well as salaries. Consequently, I agree with the disposition by this court and the trial court, but I would say that the constitutional provision is invoked because the sums in issue were emoluments.

URBIGKIT, Justice, dissenting and concurring in the result only.

I concur in the appellate resolution determined by the trial court pleadings. The admission of a characterization of the housing allowance as salary or emolument is dispositive. However, if it were necessary or appropriate to go beyond this admission as the law of the case, I would hold that the statute authorizing periodic housing reimbursement payments for the office of the sheriff does not involve emolument or salary and is constitutional within either defined amounts or upon allowance or discontinuance during the term of the sheriff.

We have before us for this appeal an explicit statute, W.S. 18–3–603, which, in addition to providing for responsibilities in subsection (a), provides in subsection (b):

The sheriff shall not be charged rent for any building owned or controlled by the county and occupied by him as. a residence. If a residence is not furnished the sheriff by the county, the sheriff may be allowed an amount established annually by the board of county commissioners on or before July 1 of each calendar year. The amount shall be paid monthly and shall not exceed the prevailing rate of the municipality in which the sheriff resides. .

At issue, if we were to avoid present disposition based on an admission by the pleadings, is whether the statutory housing allowance can only be granted before the elective term of the office holder commences and then when established, cannot be changed during the four year term. *See* Wyo. Const. art. 3, § 32 which prohibits increase or diminishment of the salary or emolument after the election and during the term of the office holder. *State ex rel. Henderson v. Burdick, State Auditor,* 4 Wyo. 272, 33 P. 125 (1893). *Cf. County Court Judges Ass'n v. Sidi,* 752 P.2d 960 (Wyo.1988).

I find Wyoming precedent to clearly define a difference between the constitutional salary/emolument and reimbursed expense provisions. *Taxpayers' League of Carbon County v. McPherson,* 49 Wyo. 251, 54 P.2d 897 (1936). Per diem allowances and reimbursed housing cost awards should be included in the category of the non-constitutional expense reimbursement and subject to legislative change during the term of office. *McPherson,* 54 P.2d 897.

The significance of the difference in Wyoming law reaches much broader than historical circumstances that frequently at one time, if not normally, sheriffs were provided housing by the county and then later, where no housing was available, they alternatively received a housing reimbursement payment. If reimbursement payments of this nature are constitutionally confined in commencement or change, the Wyoming legislator's per diem becomes anchored also to the constitutional prohibition. This conclusion would particularly reach members of the Laramie County legislative delegation who usually reside at home during the session and incur no addi-

tional·housing costs. However, it would also be arguably applicable to the allowed per diem for out-of-town legislators whose room payments and actual expenditures for meals do not exceed the statutory allowance. *See* W.S. 9–3–102.[1] My construction of emolument is to include only "actual pecuniary gain" and not incidental contingent benefit, for example, retirement and per diem. See the explicit and logical review in *Brown v. Meyer,* 787 S.W.2d 42 (Tex.1990).

This court should not now adopt the broadly inclusive definition of constitutionally confined salary and emolument which restricts governmental flexibility for budgetary adjustments. It is neither necessary nor appropriate to constitutionally invalidate on this record any provisions for annual change of reimbursement items such as the housing included in W.S. 18–3–603. Since appellant is limited in appeal by the admissions of its pleadings, we need venture no further than this record and

certainly not to plumb the murky waters of what are constitutionally restricted salary and emolument payments. Otherwise, in this case, I could easily assess validity to the legislative determination that changes in a housing allowance or a per diem reimbursement do not fall into the two or four year term constitutional straitjacket. *See State ex rel. Murane v. Jack,* 52 Wyo. 173, 70 P.2d 888 (1937); *McPherson,* 54 P.2d 897; *State ex rel. McPherren v. Carter,* 30 Wyo. 22, 215 P. 477 (1923); and *Reals, County Treasurer v. Smith,* 8 Wyo. 159, 56 P. 690 (1898). *Cf. County Court Judges Ass'n,* 752 P.2d 960, Urbigkit, J., specially concurring; and *Burdick, State Auditor,* 33 P. 125.

---

**1.** Statutory expense allowances for legislators is not unnoticed in litigation. *See Consumer Party of Pennsylvania v. Com.,* 510 Pa. 158, 507 A.2d 323 (1986). That court differentiated salary as compensation from expense allowance provided "to pay for expenses incurred in the performance of those services." *Id.* 507 A.2d at 336.